## WILLIAM M. ZIMMERMAN v. H. FRANKE.

1. DEBTOR —*Personal Earnings, When Exempt.* Where an attempt is made under judicial process, to subject the personal earnings of a debtor to the payment of his .debts, such earnings for three months next preceding the issue of such process, so far as they are necessary for the support of the debtor's family, are exempt from such process, whether the process is issued before or after judgment, or whether it is an attachment or garnishment process, or an execution.

2. ——— *Exempt Earnings; Injunction.* Where a citizen of this state attempts by a proceeding in attachment or garnishment in another state to subject to the payment of his claim the personal earnings of another citizen of this state, which personal earnings are by the laws of this state exempt from being so applied, such first-mentioned citizen may be enjoined by an action in this state from further prosecuting his proceeding in attachment or garnishment in the other state.

3. DEBTOR *Must be Part of Family; Residence.* Under § 490 of the civil code and § 157 of the justices code it is not necessary that the family supported wholly or partly by the debtor should reside in the state of Kansas; nor is it necessary that the debtor should be the head of the family; but it is necessary that he should be a part of the family.

4. FAMILY, *What is.* The word "family" as used in the exemption laws embraces a collective body of persons, generally relatives and servants, a household living together in one house or curtilage, and does not embrace separate individuals who have no common home.

5. SON, *When Not a Part of Father's Family.* Where a single man, 25 years of age, resides in Kansas, and his father and mother and unmarried sister reside in Illinois, and the son has not resided with his father and mother and unmarried sister for about seven years, *held*, that he is not a part of his father's family within the meaning of the exemption laws.

*Error from Atchison District Court.*

ACTION by *Zimmerman* against *Franke*, to perpetually enjoin the defendant from prosecuting certain garnishment proceedings in the county court of Richardson county, Nebraska. Trial by the court, and judgment for defendant, December 6, 1884. The plaintiff brings the case here. The opinion contains a statement of the facts.

*Hudson & Tufts*, for plaintiff in error.
*Jackson & Royse*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by William M. Zimmerman in the district court of Atchison county, against H. Franke, to perpetually enjoin the defendant from prosecuting certain garnishment proceedings in the county court of Richardson county, Nebraska. Both parties are residents of Atchison county, Kansas; and it is claimed by the plaintiff that the defendant is prosecuting his said garnishment proceedings in Nebraska for the purpose of applying the personal earnings of the plaintiff as a brakeman on the Missouri Pacific Railway, to the payment of a debt due from the plaintiff to the defendant, which personal earnings the plaintiff claims are exempt from the payment of his debts under the laws of Kansas. And the plaintiff further claims that the defendant is prosecuting such garnishment proceedings for the purpose of evading the exemption laws of Kansas. The case was tried before the district court of Atchison county, Kansas, without a jury, and the court made the following findings and conclusions of fact and law, to wit:

"CONCLUSIONS OF FACT.

"1. On November 28, 1883, said H. Franke obtained a judgment against said William M. Zimmerman, by due proceedings before R. B. Drury, a justice of the peace of this county, for the sum of $48.15, including costs.

"2. On April 10, 1884, said H. Franke commenced an ac-

tion against said W. M. Zimmerman, in the county court of Richardson county, Nebraska, upon said judgment so obtained before R. B. Drury, justice of the peace; and said H. Franke at the same time caused process of garnishment to issue from said county court of Richardson county, Nebraska, against the Missouri Pacific Railway Company as garnishee, and as the debtor of said Wm. M. Zimmerman, in order to satisfy the claim of said H. Franke.

"3. At the time of the service of process of garnishment upon said railway company, it was indebted to said Wm. M. Zimmerman in the sum of $49.50, as wages and earnings of said Wm. M. Zimmerman for his personal services to said railway company as a brakeman within less than three months next preceding the issue of said process of garnishment, and within less than two months next preceding the issue of said process.

"4. On and before November 28, 1883, said H. Franke was and ever since said time he has been a resident of this state and county, and during all of said time the said Wm. M. Zimmerman has also been a resident of this state and county, in the employment of said railway company, either as brakeman or freight conductor on trains running between the state line near Kansas City, Missouri, and Omaha, Nebraska, but his lay-offs have been chiefly at Atchison, and he has in good faith treated and considered Atchison as his home. He is 25 years of age and has never been married, and for about seven years past he has not actually lived in any family relations, but during all of said time his parents and his unmarried sister, now 19 years old, (who with himself constituted the entire family,) have resided at Bloomington, in the state of Illinois. His father is now about 52 years old and a dry goods clerk, who has generally earned from $50 to $56 a month; but ever since last April he has been out of permanent employment and has only had work to do at irregular intervals. The unmarried sister has for a considerable time past been engaged as a trimmer in a millinery store at $4.50 per week, during the millinery season, which occupies only a part of the year. The mother is an invalid, unable to earn anything, and medical assistance is often required for her. Ever since said Wm. M. Zimmerman left his home he has been assisting his parents and his sister by sending them money, mostly to his mother, nearly every month; and for a considerable time past his contributions have been from $20 to $30 per month in money, which has all been used in support of the family

and the care of the mother, and the same was reasonably necessary to the support of said family and the care of the mother. The personal expenses of said Wm. M. Zimmerman have been about $25 per month, and the surplus of his earnings has been contributed to the family as aforesaid, and it is probable that part of the money garnished in this action would have been so contributed to his parents and sister, and part used for his own personal expenses, if payment to him had not been stopped by garnishment.

"5. The purpose of said H. Franke in bringing said action in the county court of Richardson county, Nebraska, was to obtain whatever remedy the laws of Nebraska might afford him in the sequestration and appropriation of the credits of said Wm. M. Zimmerman in the hands of said railway company to the payment of the claim of said H. Franke, without reference to the rights of said Wm. M. Zimmerman under the exemption laws of this state."

"CONCLUSIONS OF LAW.

"1. The plaintiff is not entitled to the relief which he seeks in this action, and he is not entitled to a perpetual injunction as prayed for, and the temporary injunction herein should be dissolved.

"2. The plaintiff's action should be dismissed, at his costs."

Judgment was rendered by the court below in accordance with the foregoing conclusions of law, and the plaintiff, as plaintiff in error, now brings the case to this court for review.

It is settled law in Kansas, that where an attempt is made under judicial process to subject the personal earnings of a debtor to the payment of his debts, such earnings for three months next preceding the issue of such process, so far as they are necessary for the support of the debtor's family, are exempt from such process, whether the process is issued before or after judgment, or whether it is an attachment or garnishment process, or an execution. (*Seymour v. Cooper*, 26 Kas. 539; *Muzzy v. Lantry*, 30 id. 49; *Mo. Pac. Rly. Co. v. Maltby*, ante, p. 125.) And although the question has not yet been settled by any decision of this court, yet we think it is equally good law that where a citizen of this state attempts by a proceeding in attachment or garnishment in another state to subject to the payment

*1. Debtor—personal earnings, when exempt.*

of his claim the personal earnings of another citizen of this state, which personal earnings are by the laws of this state exempt from being so applied, such first-mentioned citizen may be enjoined by an action in this state from further prosecuting his proceedings in attachment or garnishment in the other state. (*Snook v. Snetzer*, 25 Ohio St. 516.) With regard to the powers of courts of equity in general to control the actions of persons within its own jurisdiction with reference to matters beyond its jurisdiction, see 1 High on Injunctions, § 106, and cases there cited. This leads us to the question whether the personal earnings of the plaintiff, Zimmerman, are exempt, or not, under the laws of this state, from garnishment proceedings. The exemption claimed by the plaintiff is the one provided for by § 490 of the civil code, and § 157 of the justices code. Under these sections it is not necessary that the family supported wholly or partly by the debtor should reside in the state of Kansas. (*Mo. Pac. Rly. Co. v. Maltby,* ante, p. 125, and cases there cited.) Nor is it necessary that the debtor should be the head of the family. But we think it is necessary that he should be a part of the family; for we cannot conceive that the legislature would exempt funds from the payment of debts which are not necessary for the support or partial support of the debtor's own family, but are necessary only for the support or partial support of some other family.

The word "family," as used in the exemption laws, we think embraces a collective body of persons, generally relatives and servants — a household, living together in one house or curtilage — and does not embrace separate individuals who have no common home. (*Homestead Exemption Cases,* 31 Tex. 677.) If the plaintiff were residing with his parents and unmarried sister in Illinois, he would undoubtedly constitute a part of their family, and they would all constitute one family; but they do not all reside together, and have not for about seven years. The plaintiff's father and mother and unmarried sister reside in the state of Illinois, while he, who is a single man of 25 years of age, resides in

Kansas. Their home is in the state of Illinois, while his home is in Kansas. We therefore do not think that he constitutes any part of his father's family, within the mean-

**5. Son, not a part of father's family.** ing of the exemption laws; and therefore, from what we have already stated, it follows that his earnings are not exempt from judicial process. Of course it is very commendable in the young man to assist in the support of his parents and his unmarried sister, but as they are not a part of his family, within the meaning of the exemption laws, we do not think that the laws will recognize a higher legal or moral obligation resting upon him to turn over his personal earnings to them, than to pay his honest debts.

Perceiving no error in the rulings and judgment of the court below, such judgment will be affirmed.

All the Justices concurring.