## JAMES W. REEDY
### v.
## THE CHICAGO VINEGAR AND YEAST COMPANY.

*Landlord and Tenant—Bill to Cancel Lease—Remedy at Law—Injunctions.*

1.   A bill in equity does not lie to secure the cancellation of a lease and to enjoin proceedings at law to recover rent thereunder, on the ground that the commissioners of public buildings have condemned the building in question because the sills are rotten, it being alleged that they were so when the lease was signed and that the building was in an untenantable condition and wholly unfit for the purpose for which it was let.

2.   In the case presented, if the allegations of the bill are true, the complainant has a complete defense at law to actions for rent under the lease.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. GEORGE R. GRANT and GREGORY, BOOTH & HARLAN, for appellant.

" A lease or other conveyance that is entered into through fraud on the part of the lessor or lessee, may be avoided upon that ground, upon the principle that fraud vitiates all contracts." Wood on Landlord and Tenant, p. 174.

In such case fraud may consist of intentional misrepresentations on a material point, or it may consist in positive statements of facts as to the truth or falsity of which the party is ignorant, but which it is his duty to know. Mitchell v. McDougall, 62 Ill. 498; Allen v. Hart, 72 Ill. 104; Ruff v. Jarrett, 94 Ill. 475; Smith v. Richards, 13 Pet. (U. S.) 30.

The lease should have been canceled and the prosecution of suits for rent should have been enjoined on the ground of eviction.

" Any actual expulsion of the tenant, or intentional disturbance by the landlord, or by any other person acting by his authority or by virtue of a legal right vested in them in any

manner, which so seriously disturbs the tenant's possession as to compel an abandonment of the premises by him, or which deprives him of their beneficial enjoyment, amounts to an eviction, and the rent is suspended from the time of such disturbance." Wood, Landlord and Tenant, p. 793.

Thus, a tenant may vacate premises infected with sewer gas—the landlord having been notified and neglected to remedy the evil. In such a case there is a constructive eviction, and the tenant need not pay rent. Bradley v. Goicouria, 67 How. Pr. (N. Y.) 76.

Messrs. BISBEE, AHRENS & DECKER, for appellee.

The law raises no presumption of an intentional fraud, or of wrong-doing, from the mere fact that representations, however material, turn out to be untrue. Bornett v. Stanton, 2 Ala., 181.

Cases where representations are made in good faith, being based on what is believed to be reliable information, are to be distinguished from those cases where representations have been made with reckless disregard of the truth, or upon a claim of some special knowledge, as that of an expert. Representations made in good faith, based upon a reasonable foundation for belief, whether they turn out to be true or not, do not amount to a fraud. Taylor v. Little, 26 Ohio, St. 428.

The case, as made by appellant, showed only an expression of opinion, even as to the foundations. This is not, in general, a sufficient ground for setting aside a contract. Douglass v. Litler, 58 Ill. 342; Warren v. Doolittle, 61 Ill. 171; Fisher v. Dillon, 62 Ill. 379; Shackelton v. Lawrence, 65 Ill. 175.

There is not a particle of evidence showing any fraudulent concealment. There was no special reason why Follett should have made disclosures. The case was not one requiring a different rule from the usual one of *caveat emptor*. Watt v. Galliard, 67 Ill. 513; Roper v. Sangamon Lodge, 91 Ill. 518.

MORAN, J. Appellant filed this bill of complaint, in which he alleged that in February, 1884, he leased from appellee cer-

Reedy v. Chicago Vinegar and Yeast Co.

tain premises; that he did not lease for his own use, and never occupied the building, but took the lease to secure the rent to the appellee. That the real lessees were Jacky & Reese, which fact was well known to appellee. That said Jacky & Reese took possession of the premises, and carried on business; that the rent was paid by said occupants to appellee; that appellant never exercised any control over the premises, and had no connection with them except as security for the payment of the rent; that in November, 1886, notice was given to appellant by the commissioners of public buildings that the building was condemned; that the defect in the building was caused by the rotting of the sills, and that said sills had been in an unsafe condition and rotten for a long time, and were so at the time of signing the said lease; that said defect was not patent, but was concealed by the flooring, and discoverable on examination; and that, at the time of making the lease, said building was in an untenantable condition, and wholly unfit for the purpose for which it was let. Appellant had no notice of such latent defect until the building was condemned, but that appellee knew of such defect; that the condition of said building was such that to repair it would be virtually to rebuild it. The prayer is that the lease may be canceled, and a suit at law commenced by appellee against appellant to recover rent alleged to be due should be enjoined, and that appellee should be restrained from bringing any other suits to collect rent under said lease. The bill was answered, and the case heard on the pleadings and evidence by the chancellor, and decree rendered dismissing the bill for want of equity.

The decree is right and must be affirmed, if for no other reason, upon the ground that if all the allegations are true, he has a complete defense at law against actions for rent under the lease, and therefore he had no ground whatever for appealing to equity for relief. We have examined the evidence, however, which was heard by the court below, as the same is disclosed in the record, and we are of opinion that the court found the facts in accordance therewith, and that the material allegations of the bill find no support in the evidence adduced. The decree of the Superior Court will be affirmed.

*Decree affirmed.*