O.  S.  GIBSON  AND  J. W. MANN  v.· FRED.  C.  GROSS.

### No. 304.

EXEMPTIONS—*Personal Property*—*Head of a Family*.  Where the plaintiff, after the death of his wife, placed his two children with relatives, disposed of nearly all of his household goods, and lived at different places as a boarder but did not reside with either of his children, *held*, that he was not the head of a family within the provisions of paragraph 2998 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 118, § 3), as construed in *Zimmerman v. Franke*, 34 Kan. 650, 9 Pac. 747.

Error from Cowley district court ; M. G. TROUP, judge.   Opinion filed October 15, 1898.   Reversed.

*Pollock & Lafferty*, for plaintiffs in error.

*Charles L. Brown*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This was an action for damages for alleged conversion by O. S. Gibson and J. W. Mann of a horse belonging to Fred. C. Gross, the plaintiff below. Trial was had to the court December 5, 1892, and judgment was rendered in favor of Gross for $125. The petition stated a cause of action for conversion of exempt property.  The answer of the defendants, now plaintiffs in error, averred that Gibson was sheriff and Mann a deputy sheriff of Cowley county on and prior to December 9, 1890, and that on said day Mann levied on the horse under an execution duly issued out of the district court of that county, on an unsatisfied judgment in favor of the Union Debenture Company and against the plaintiff Gross ; and that all further proceedings under the writ, including the sale of the seized property and the return of the writ to the clerk of the court, were in strict accordance with the commands of the writ and the provisions of law. The execution was lost after being so returned.

After these proceedings in error were begun, one of the plaintiffs in error, J. W. Mann, died.  Permission has been granted by this court, at the request of Gibson, that the case proceed in his name alone.   Counsel for defendant in error contends that the judgment should be affirmed for the reason that it was rendered jointly against Gibson and Mann, one only of whom now appears in this court.   As counsel admits that the judgment has not been revived in the district court against the personal representative of the deceased debtor, it seems proper to hold that the judgment now

stands against Gibson alone and that he is entitled to maintain these proceedings.

The court made findings of fact and conclusions of law, one of the conclusions being that the plaintiff was the head of a family and his property exempt from seizure, at the date of the levy. This conclusion is the first error of which complaint is made. The facts show that the plaintiff, after the death of his wife, placed his two little children with relatives, disposed of nearly all of his household goods, and for several years prior to the levy lived at different places as a boarder, but did not at any time reside with his children. Within the provisions of paragraph 2998 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 118, § 3), as construed in *Zimmerman v. Franke*, 34 Kan. 650, 9 Pac. 747, the plaintiff was not the head of a family at the date of the alleged conversion of his property, and the property was not exempt.

The judgment as entered was erroneous, and it is therefore reversed, and the case remanded with instructions to enter judgment in favor of the plaintiff in error for costs.