Mason v. Harlow.

James M. Mason, *Appellant*, v. Skip D. Harlow, *Appellee.*

No. 16,889.

SYLLABUS BY THE COURT.

1. Injunction — *Prosecution of Action in Another State.* Equity has power to restrain a party within its jurisdiction from prosecuting a suit in the courts of another state, and in a proper case will not hesitate to exercise the power.

2. ———— *Grounds—Action Brought Maliciously.* Courts will not enjoin a suit in another state merely on the ground of convenience of parties, but will do so when such restraint is necessary to prevent one citizen from doing an inequitable thing, as where the action has been brought maliciously, in

order to vex and harass another citizen or to interfere with
or prevent the free administration of justice in a suit pending
in this state.

3. ———— *Petition—Demurrer.*   The petition in this case ex-
amined, and *held,* that it states a cause of action, and that it
was error to sustain a demurrer to the petition and to refuse
a restraining order.

Appeal from Wyandotte district court.   Opinion filed
March 11, 1911.   Reversed.

*J. M. Mason, Lawrence J. Mason,* and *E. E. Chesney,*
for the appellant.

*John A. Hale,* and *Richard J. Higgins,* for the ap-
pellee.

The opinion of the court was delivered by

PORTER, J.:   James M. Mason brought this suit
against Skip D. Harlow to enjoin the prosecution of
an action in the courts of Arkansas in which Harlow
sought to recover against Mason damages for alleged
libelous matter contained in certain letters.   The court
refused to grant a temporary restraining order, and
sustained a demurrer to the petition.   This court, in
order to preserve the status, issued an order restrain-
ing the prosecution of the action in Arkansas pending
the appeal from the decision of the district court.

The only question to be determined is whether the
petition stated a cause of action.   If it did, the court
erred in refusing the restraining order and in sustain-
ing the demurrer.   The petition is lengthy, and con-
tains a great deal of unnecessary verbiage and aver-
ments of evidentiary facts which have no place in a
pleading.   Briefly, the facts stated are that Mason is
a regular practicing attorney of the Wyandotte county
bar.   He brought a suit in the district court of that
county for his client, Maggie A. Hanke, against Harlow
to set aside a deed from her conveying her homestead
to J. H. Peterson, on the ground that Harlow had by

fraudulent misrepresentations induced her to exchange her property for a worthless tract of land in Fulton county, Arkansas. The defendant served Mason with notice to take the depositions of a number of witnesses at Mammoth Springs, Ark. Mason corresponded with one Brittain, of Mammoth Springs, who claimed to be a lawyer, and retained him to represent the plaintiff in taking the depositions and in procuring evidence for other depositions on behalf of Mrs. Hanke. Being unable to obtain any information from Brittain with regard to the depositions after they had been taken, and learning that they were being withheld, Mason went to Arkansas for the purpose of investigating the situation. While there he served notice to take other depositions at the same place on August 26, 1909. He was there solely as the attorney of his client, and not for any matter personal to himself, and was engaged in looking after her interests. While there Harlow sued him in the circuit court of Fulton county, Arkansas, for $25,000 damages for an alleged libel in a letter of instructions which he had written to Brittain, and caused Mason to be served with process on August 24, two days before the time set for taking depositions. The action was not brought in good faith, but for the purpose of preventing Mason from properly discharging his duties to his client, and was inspired solely by vindictive and malicious purposes. Mason owned no property in Arkansas, and there were no debts owing to him there. Harlow and Mason both resided in Wyandotte county, Kansas.

The demurrer admits the facts pleaded, and it is difficult to discover on what ground the court sustained the demurrer and refused the restraining order. The petition alleges that the action in Arkansas was not brought in good faith, but maliciously and for the purpose of harassing the appellant and preventing him from properly attending to the business of his client in an action pending in court. On the same principle

that the courts quite generally hold parties, witnesses and even attorneys privileged from the service of process while in attendance on courts and other judicial proceedings, public policy and the interests of justice alike require that courts shall protect litigants from the malicious prosecution in other jurisdictions of suits the purpose of which is to interfere with or prevent the due administration of justice.

Equity has power to restrain a party within its jurisdiction from prosecuting a suit in the courts of another state, and in a proper case will not hesitate to exercise the power. (*Cole v. Young,* 24 Kan. 435; *Gordon v. Munn,* 81 Kan. 537, 541, and cases cited; *Pickett v. Ferguson, et al.,* 45 Ark. 177; *Snook et al. v. Snetzer,* 25 Ohio St. 516; *Vail v. Knapp,* 49 Barb. [N. Y. Supr. Ct.] 299; *Keyser v. Rice,* 47 Md. 203.) Courts will not enjoin a suit in another state merely on the ground of the convenience of parties, but will do so when the ends of justice require it. (*Bank of B. Falls v. R. & B. R. Co. et als.,* 28 Vt. 470.) In *Hawkins v. Ireland,* 64 Minn. 339, it was held that an injunction would lie when necessary to enable justice to be done by the court and prevent one citizen from obtaining an inequitable advantage of another. In *White, Stokes & Allen v. Caxton Book-binding Co.,* 10 N. Y. Civ. Pr. Rep. 146, it was held that courts will not enjoin the prosecution of an action already commenced in another state unless it was not brought in good faith, but in order to vex and harass the defendant. (To the same effect are *Claflin & Co. v. Hamlin,* 62 How. Pr. [N. Y.] 284; *Dinsmore v. Neresheimer,* 39 N. Y. Supr. Ct. 204; *Dehon & others v. Foster & others,* 86 Mass. 545.)

The power of the court in this instance to enjoin the appellee can not be doubted. (22 Cyc. 813.) Both parties are citizens of this state and subject to the jurisdiction of the court, and equity will enjoin the prosecution of a suit in another state whenever the

circumstances make such restraint necessary to prevent one citizen from doing an inequitable thing, and especially when the action in the other state has been brought maliciously and in order to vex and harass another citizen and to interfere with or prevent the free administration of justice in a suit pending here.

The petition stated a cause of action, and the judgment is reversed and the cause remanded, with directions to overrule the demurrer and grant the restraining order.