JOSEPH READICKER,. *Appellee,* v. H. DENNING *et al.,*
*Appellants.*

No. 17,283.

HEADNOTE BY THE REPORTER.

1. EXCHANGE OF PROPERTY — *Contract — Assignment—Specific
   Performance.*  R. entered into a written contract with D. to
   exchange merchandise for three city lots; D. assigned his con-
   tract to H., who obtained the merchandise under authority of
   his assignment; it is held that R. is entitled to a conveyance
   of the city lots from D.

2. STATUTE OF FRAUDS—*"Memorandum in Writing."*  Where a
   husband and wife execute a deed to the wife's property and
   place the deed in escrow to be delivered on terms of a written
   contract made by the husband alone, the transaction is a suffi-
   cient "memorandum in writing" on the part of the wife to
   satisfy the statute of frauds.

3. QUESTIONS OF FACT—*Conflicting Evidence.*  The trial court
   having passed upon the weight of conflicting evidence its con-
   clusions therefrom will not be disturbed.

Appeal from Allen district court.   Opinion filed
March 9, 1912.   Affirmed.

*R. H. Bennett,* and *R. E. Cullison,* for the appellants.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the ap-
pellee.

*Per Curiam:*  Joseph Readicker owned a stock of
hardware.  He and Henry Denning entered into a writ-
ten contract to the effect that Denning was to· select
therefrom goods to the amount of $1850, invoice price,
in exchange for three city lots.  Denning executed and
delivered to one Harkins a writing purporting to sell,
assign and transfer to Harkins all Denning's rights
under the contract, and the goods therein described.
Readicker, claiming that he had delivered the goods to
Harkins under authority of this assignment, brought
action against Denning and Denning's wife, who owned

the lots, for the specific performance of the contract. He recovered a judgment, from which the defendants appeal.

Denning maintains that Readicker refused to carry out the contract except upon added conditions, to which he would not agree, and that the trade therefore fell through; that he (Denning) executed the assignment to Harkins merely as a release of his own claim to the stock, so that Readicker would feel at liberty to sell it to Harkins.

In behalf of Mrs. Denning it is also contended that the contract was nonenforceable under the statute of frauds, not having been signed by her. To meet this contention Readicker says that a deed to him, reciting a consideration of $1850, executed by Denning and his wife, was deposited with a third party, to be delivered upon the examination and acceptance of the merchandise. If this is so, the deed, read in connection with the written contract, may be regarded as a sufficient memorandum to satisfy the statute. (*Schneider v. Anderson,* 75 Kan. 11, 88 Pac. 525, 121 Am. St. Rep. 356.)

The defendants, however, deny that such a deed was executed. They admit that they did execute a deed to the lots and place it in the hands of the custodian named by the plaintiff. But they say that the deed was made in pursuance of an exchange of properties they were negotiating directly with Harkins; and that the name of the grantee was left blank, at his request, as he intended trading the lots to Readicker for the hardware stock, and in that event desired Readicker's name inserted.

The stock was the subject of other bargains, not material to the present controversy. Harkins obtained possession of it and never paid for it. Readicker's version of the transaction is that he had nothing to do directly with Harkins, but that he traded the stock for the city lots to Denning, who sold it to Harkins. The Dennings' version is that Harkins bought the stock

Readicker v. Denning.

from Readicker, undertaking to pay for it with the city lots, which he was to get from the Dennings, but which he never obtained because he failed to carry out his agreement with regard to them.

In this situation the question whether Readicker was named as grantee in the deed signed by the Dennings becomes important for the light it throws upon the intention of the parties, as well as by reason of the statute of frauds. When the deed was produced at the trial it contained Readicker's name, but the recollection of the custodian, who was also the draftsman, was that he had inserted it afterward, without authority from the grantors, for the protection of Readicker, to whom he understood Harkins had contracted to transfer the lots. The testimony was conflicting and open to different inferences. Apart from any purpose to deceive, it is obvious that some of the witnesses were mistaken in their understanding of the facts or in their memory of them. The court made no special findings, and the judgment for the plaintiff must be deemed to have resolved all questions of fact in his favor. The case is peculiarly one in which the decision of the trial court upon the facts should be regarded as final. We must therefore assume that the deed was made to Readicker, and in that view the judgment was warranted.

The case was tried upon an amended petition. The defendants complain of the allowance of the amendment, contending that it changed the nature of the cause of action. We do not find the objection well taken. Complaint is also made of the admission of certain testimony, but as the case was tried without a jury rulings of that character were not vital. The refusal to consolidate the case with one brought by Mrs. Denning, to enforce the contract she asserted she made with Harkins, is assigned as error, but this matter was within the court's discretion. Proceedings with respect to making Harkins a party were of a similar character.

The judgment is affirmed.