JOSEPH READICKER, *Appellee,* v. H. DENNING et al.,
*Appellants.*

No. 17,283.

SYLLABUS BY THE COURT.

OPINION ON REHEARING.

1. APPEAL—*Affirmed—On Rehearing Reversed.* Upon a sug-·
gestion, which appears to be well founded, that a judgment
had. been affirmed upon a different theory of the facts from
that entertained by the trial court, the affirmance is set aside
and a new trial ordered.

2. REAL-ESTATE CONTRACT — *"Memorandum in Writing."* The
evidence is held not to warrant the enforcement of a contract
for the sale of real estate in the absence of any memorandum
signed by the owner.

Appeal from Allen district court. Opinion on re-
hearing, filed July 6, 1912. Reversed. (For original
opinion, see 86 Kan. 617, 122 Pac. 103.)

*R. H. Bennett,* and *R. E. Cullison,* both or Iola, for
the appellants.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola,
for the appellee.

The opinion of the court was delivered by

MASON, J.: This case turns upon whether the stat-
ute of frauds prevents the enforcement against Mrs.
Denning of a contract for the sale of real estate to
Joseph Readicker. The plaintiff introduced in evi-
dence an instrument which had been deposited in
escrow, which was apparently a fully executed' and
acknowledged deed from Mrs. Denning and her hus-
band to Readicker. This was enough to make a *prima
facie* case on this proposition. The judgment award-
ing specific performance was affirmed on the ground
that the trial court must be deemed to have discredited
the testimony that the name of the grantee was blank
when the deed was signed. (*Readicker v. Denning,* 86

Kan. 617, 122 Pac. 103.) We did not for a moment suppose that the trial court doubted the veracity of the witness, but thought that in the course of a somewhat involved transaction there was room for an error of recollection. A rehearing was granted because of the representation of the appellants that in fact there was no real controversy on this point, and that the trial court had accepted the statement that the deed was made in pursuance of a deal with Harkins, the grantee being left blank, and Readicker's name having been inserted after its execution. This representation was strongly urged at the rehearing and was not controverted by the appellee, for whom no additional argument was made. In this situation we will regard it as conceded that the trial court did not find that Mrs. Denning executed the deed while it contained Readicker's name, or in connection with the transaction with him. This treatment of the matter can result in no substantial injustice, for the trial court can still apply the law as declared in the original opinion, if it takes the view of the evidence there attributed to it. A new trial will be ordered, as we are of the opinion that, except upon the theory already indicated, the statute of frauds prevents a recovery against Mrs. Denning, who gave no written authority to her husband to represent her, and who signed no memorandum other than the deed referred to. So far as she is concerned we find no evidence of any such contract as to take the case out of the statute.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.