Mason v. Harlow.

No. 18,681.

JAMES M. MASON, *Appellant*, V. SKIP D. HARLOW, *Appellee.*

SYLLABUS BY THE COURT.

1. INJUNCTION—*Prosecution of Suit in Another State*. The decision rendered on the former appeal (*Mason v. Harlow*, 84 Kan. 277, 114 Pac. 218), respecting equitable interference to prevent the prosecution of a suit in another state, approved and followed.

2. TRIAL—*Conflicting Evidence—Findings of Fact Conclusive*. A finding by the district court of all the issues of fact in favor of the defendant based on conflicting evidence, essential portions of which consisted of oral testimony, ends the controversy over the facts.

Appeal from Wyandotte district court, division No. 1; FRANK D. HUTCHINGS, judge. Opinion filed March 7, 1914. Affirmed.

*L. W. Keplinger,* and *L. J. Mason,* both of Kansas City, for the appellant.

*J. O. Emerson, David J. Smith,* and *H. E. Dean,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Mason brought suit against Harlow to enjoin the prosecution of an action in a court of Arkansas in which Harlow sought to recover damages for a libel published against him by Mason in Arkansas. The district court refused a temporary injunction and sustained a demurrer to the petition. On appeal the judgment was reversed in the case of *Mason v. Harlow,* 84 Kan. 277, 114 Pac. 218, where the essential facts of the plaintiff's cause of action are stated. The case has now been tried on its merits. The district court found all the issues in favor of the defendant, and rendered judgment accordingly. Mason again appeals.

The circumstances under which equity will interfere to prevent the prosecution of a suit in another state were stated in the former opinion, to which the court adheres. The plaintiff relied on two facts to furnish the necessary equitable basis for relief. These were that the suit in Arkansas was maliciously brought to harass the plaintiff and obstruct the administration of justice, and that the character of the plaintiff's business in Arkansas was of a certain kind. If of that kind, it is argued that the plaintiff was privileged from the service of civil process. The court has found both these facts against the plaintiff on conflicting evidence, essential portions of which consisted of oral testimony. That ends the controversy over the facts.

The plaintiff undertakes to show that the service made on him in the Arkansas suit is void under the laws of that state. If so, the Arkansas court will promptly set it aside. It might be more convenient to the plaintiff for the courts of this state to adjudicate the matter, but, as stated on the former appeal, convenience of parties is not a ground for equitable interference, and the other grounds relied on have failed.

It is said that the libel suit ought to have been brought in the state where both parties reside. The libel was published, however, in Arkansas. The cause of action arose there, and must be sustained, if at all, by the testimony of witnesses who reside there.

Since the plaintiff was unable to establish facts making an injunction necessary to prevent the defendant from doing an unequitable thing, the judgment of the district court must be affirmed, and it is so ordered.