18,681.

JAMES M. MASON, *Appellant,* v. SKIP D. HARLOW, *Appellee.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

EVIDENCE—*Conflicting—Findings of Trial Court Conclusive on Appeal—Record Can Not be Impeached by Affidavit of Attorney.* In the district court the plaintiff relied on the existence of certain pleaded facts which the defendant denied. Evidence was introduced by both parties bearing upon the issues thus joined. The result was a conflict in the evidence, essential portions of which were oral. The journal of the court discloses that it determined the issues in the following manner:

"And the evidence being heard and the arguments of counsel, and the Court being fully advised doth find for the defendant on the issues joined."

*Held,* this finding is a finding against the existence of the disputed facts, which this court, on appeal, is obliged to accept as true so long as the record remains in its present

Mason v. Harlow.

form; and such record can not be impeached by an affidavit of the plaintiff's attorney contradicting it, filed in this court in connection with a petition for a rehearing.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion denying a rehearing filed July 23, 1914. (For original opinion of affirmance see 91 Kan. 807, 139 Pac. 384.)

*L. W. Keplinger*, and *L. J. Mason*, both of Kansas City, for the appellant.

*J. O. Emerson, David J. Smith*, and *H. E. Dean*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: At the trial in the district court the plaintiff relied on the existence of certain pleaded facts as the basis of the equitable relief which he demanded. The existence of those facts was denied by the defendant. Evidence was introduced by both parties bearing upon the issues of fact thus raised. The result was a conflict in the evidence, essential portions of which were oral. The journal of the court shows that the court determined these issues in the following manner:

"Now on this 14th day of December, 1912, this cause came on for hearing, the plaintiff appearing by L. W. Keplinger, his attorney and the defendant appearing by Hale & Higgins, his attorneys, and the evidence being heard and the arguments of counsel, and the Court being fully advised doth find for the defendant on the issues joined."

In disposing of the case on appeal this court said:

"The plaintiff relied on two facts to furnish the necessary equitable basis for relief. These were that the suit in Arkansas was maliciously brought to harass the plaintiff and obstruct the administration of justice, and that the character of the plaintiff's business in Arkansas was of a certain kind. If of that kind, it is argued that the plaintiff was privileged from the service of civil process. The court has found both these facts against the plaintiff on conflicting evidence,

essential portions of which consisted of oral testimony. That ends the controversy over the facts." (*Mason v. Harlow,* 91 Kan. 807, 808, 139 Pac. 384.)

In the petition for a rehearing it was declared, in the face of the record to the contrary, that the district court did not find the facts against the plaintiff, and, in further dispute of the record, the plaintiff filed the affidavit of his attorney, containing the following matter:

"That at the time Judge F. D. Hutchings rendered his decision in the court below he stated in substance that he attached no significance to the claim made by the defendant that Mason was not in Arkansas for the purpose òf taking depositions at the time the suit was brought against him in that state, but that it was his opinion that an attorney at law was not privileged from service of process while attending upon a judicial proceeding in a foreign jurisdiction. That if we could show that the common-law privilege from the service of process extended to attorneys he would reverse his decision."

The petition for a rehearing was denied without a formal opinion because it did not seem necessary to state the principle applied in the opinion quoted from, or to state the equally well settled principle that the record can not be impeached by extrinsic evidence as to the grounds upon which the trial court rested its judgment. There ought to come a time as the years go by when the court may be relieved from stating the same elementary principles again and again. The plaintiff, however, continues to assert that this court misstates the facts when it says the trial court found the issues of fact in favor of the defendant, and a desire has been expressed for a statement of the court's reasons for overruling the petition for a rehearing.

Responding to the desire indicated, the court will first reprint here a part of the opinion in the case of

*Knaggs v. Mastin,* 9 Kan. 532, decided in 1872, and which has never been departed from:.

"The action was tried by the court below without the intervention of a jury. The court found generally for the defendant and against the plaintiffs. No special findings of either law or fact were made by the court. A few of the facts are admitted by the pleadings, but the most of them are controverted. A few more of the facts may be said to be admitted by the evidence, as the evidence concerning them is clear, conclusive, and all one way. But a very large proportion of the facts, probably a majority of them, is not only controverted by the pleadings, but is also controverted by the evidence—the evidence concerning them being conflicting and contradictory. Where the facts are admitted by the pleadings, or where the evidence concerning them is clear, and all one way, we shall take the facts as so established, whether they are in favor of the plaintiffs or the defendant. But where the facts are controverted by the pleadings, and the evidence concerning them is conflicting and contradictory, we shall consider that they have been established in favor of the defendant and against the plaintiffs. Where facts are established by a general finding of a court, it must always be presumed that all the controverted facts are established in favor of the party for whom the court finds, and against the party against whom the court finds. Therefore, whenever some of the facts might be found in favor of one of the parties, and some of them might be found in favor of the other party, it would be prudent at least for any party who had doubts concerning his case to request that the court should make special findings of fact and of law. (Civ. Code, § 290.)" (p. 542.)

With reference to the impeachment of the record, the court will reprint here a part of the opinion in the case of *Hopper v. Arnold,* 74 Kan. 250, 86 Pac. 469, in which not simply the defeated litigant, by *ex parte* affidavit, but the court itself undertook to limit a general finding by a statement inserted in the bill of exceptions.

"Notwithstanding this general finding in favor of Mrs. Arnold, plaintiff relies upon a statement inserted

by the trial judge at the close of his certificate to the bill of exceptions, which statement is as follows:

"'But it must be understood that the court did not pass adversely to defendant upon the additional grounds for dissolution of attachment stated in her motion, but simply held that the evidence showing that the defendant Clara B. Arnold did not even know of the indebtedness sued on at the time of making the conveyance complained of. There was no evidence of fraudulent intent, and consideration of other questions was unnecessary.' . . .

"Where the journal entry of judgment is complete it speaks for itself and controls. A general finding in favor of one party is a finding in his favor on every issue raised by the pleadings and supported by any evidence.

"If the court in fact only decided that there was no fraudulent intent on the part of Mrs. Arnold, the judgment should have so recited. The statement in the certificate to the bill of exceptions can not narrow the effect of the general finding in favor of defendant Clara B. Arnold, which was that the property sought to be taken by attachment constituted her homestead, as well as a finding to the effect that the only ground of attachment relied upon was wholly untrue." (pp. 252, 253.)

The Kansas reports contain many decisions of the same tenor. They rest upon the absolute necessity for certainty and conclusiveness in the final record of judicial proceedings.

The result is that the plaintiff, after omitting to ask the trial court for findings of fact and of law, carried his affidavit to the wrong court. If the record in the district court does not speak the truth he should have applied to that court to correct it. So long as the record in the district court stands as it is, it shows a finding of all the disputed facts against the plaintiff, and this court is obliged to accept that finding as true. To fulminate against the court for stating the record is simply to rebel against the law which afforded the plaintiff easy remedy, if he had applied for it and was entitled to it.

The plaintiff cites the case of *Readicker v. Denning*, 87 Kan. 523, 125 Pac. 29, the syllabus of which reads as follows:

"Upon a suggestion, which appears to be well founded, that a judgment had been affirmed upon a different theory of the facts from that entertained by the trial court, the affirmance is set aside and a new trial ordered."

In that case this court misconceived the evidence. Having been left in the dark because of the absence of special findings, it concluded that a certain fact was included in the general finding. It was then shown that the conclusion was not well founded and that the fact involved was not disputed. This being true, the fact was not among those which were covered by the general finding based on conflicting evidence. (See opinion in *Knaggs v. Mastin,* quoted above.) The difference between the two cases is that in the Readicker case this court misinterpreted the record, and upon being corrected followed the record. In this case it is seriously proposed to nullify a clear and unambiguous record by a contradictory affidavit and have the court reverse the judgment on the affidavit. Even the liberality of the new code will not permit this to be done.

While it is purely *obiter* in the present state of the case, the court will take this occasion to say that it considered the plaintiff's claim that he was privileged from being sued in Arkansas while he was there to secure evidence for his client and to take depositions for use in Kansas. The conclusion was that the plaintiff was not privileged.

The privilege from arrest is not universally recognized, and where recognized it usually extends only to attendance upon a sitting of court as an officer of the court, including going to and returning from the place where the court is held. The exemption from service of ordinary civil process, where recognized, is commonly limited in the same way. (2 R. C. L. 952.)

The notion that the taking of depositions on simple notice is a constructive adjournment and translation of the Kansas court to Arkansas is too attenuated to serve the purposes of justice rationally administered, and the impolicy of permitting conduct which will deter parties, witnesses, and attorneys from attending court does not obtain. This court is not able to say that the courts of Arkansas recognize the privilege claimed so that the privilege may furnish ground for equitable relief here.

The plaintiff objects to the use in the second opinion of the expression, "the libel was published, however, in Arkansas," notwithstanding the fact that the statement was immediately followed by the sentence, "The cause of action arose there and must be sustained, *if at all,* by the testimony of witnesses who reside there." To remove any cause for sensitiveness the word "alleged" may be considered as inserted before the word "libel."

The denial of the petition for a rehearing is adhered to.