Harlow v. Mason.

No. 20,237.

SKIP D. HARLOW, *Appellee*, V. JAMES M. MASON, *Appellant*, and THE UNITED STATES FIDELITY & GUARANTY COMPANY.

### SYLLABUS BY THE COURT.

1. TEMPORARY INJUNCTION—*Wrongfully Issued—Action on Bond.* The rule that an action will not lie on a bond given to procure a temporary injunction until the principal action is determined relates to the action in which the injunction was procured.

2. ACTION — *For  Temporary  Injunction — Final  Determination — Action on Bond.* Where an action for an injunction is begun in a district court of this state to restrain the prosecution of a damage suit against the plaintiff in another state, and the plaintiff procures a temporary injunction and gives a bond to indemnify the defendant for all damages if it should be finally decided that the injunction ought not to have been granted, a cause of action in favor of defendant arises on the bond when the injunction case is finally determined, and such action is not prematurely brought merely because the damage case in the foreign state is still pending and undetermined.

3. TEMPORARY INJUNCTION—*When Action for is Finally Decided.* It is conclusively determined that a temporary injunction ought not to have been granted when it is finally decided on the merits that the plaintiff is not entitled to an injunction of any sort, temporary or permanent.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed June 10, 1916. Affirmed.

*Justus N. Baird,* of Kansas City, for the appellant.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: James M. Mason brought an action in the district court of Wyandotte county against Skip D. Harlow to enjoin Harlow from prosecuting a damage suit against Mason in the courts of Arkansas. Mason procured a temporary injunction and gave bond to indemnify Harlow thereon. Eventually the defendant, Harlow, prevailed in the Wyandotte county case. (*Mason v. Harlow,* 84 Kan. 277, 114 Pac. 218; 91 Kan. 807, 139 Pac. 384; 92 Kan. 1042, 142 Pac. 243.)

23—98 KAN.

Thereafter Harlow filed an action against Mason and the surety on the bond given in the injunction case, alleging damages in the aggregate sum of $291, and from a judgment in plaintiff's favor, defendant Mason appeals. The bond reads:

"Whereas the honorable District Court of Wyandotte County, Kansas, Second Division, did on the 10th day of June, A. D. 1911, issue a temporary injunction, restraining and enjoining Skip D. Harlow, his agent, servants and attorneys from further, during the pending of this suit and until the further order and judgment herein, from prosecuting a civil action for damages in which said Skip D. Harlow is plaintiff and James M. Mason is defendant pending in the Circuit Court of Fulton County, Arkansas.

"Now, therefore, James M. Mason as principal and the United States Fidelity and Guaranty Company as surety are held and firmly bound unto the said Skip D. Harlow in the sum of Three Hundred Dollars well and truly to be paid;

"The condition of this bond is such, that if the said James M. Mason shall pay to said Skip D. Harlow any damages which he may sustain if it be finally decided that the said injunction issued ought not to have been granted, then this obligation to be void, otherwise to remain in full force and effect."

The sole defense was that the damage suit in Arkansas, *Harlow v. Mason,* has not yet been disposed of. It is still standing on the dockets awaiting an opportunity to obtain a valid service of summons on Mason, and that will probably never occur.

The appellant contends that the restraining order or temporary injunction issued in the Wyandotte county case was merely ancillary to the action for damages in Arkansas, and that this action on the bond for damages was prematurely brought since the Arkansas case is still pending. This is a misapplication of a doctrine which is sound enough in itself. Where a court having jurisdiction of a cause and of parties issues an injunctive order to protect its jurisdiction or for other good cause, at the behest of one of the parties, it may decline to entertain an action on the bond given to procure such injunction until the main case is disposed of. In some cases it may be that the obligors on the bond are entitled as a matter of right to have the action stayed until the principal cause is decided.

But the idea that an injunction is a mere ancillary order dependent upon or pertinent to another suit no longer prevails.

It may be that, indeed; but in our time it is frequently much more. Without relation to any other suit, an independent action for an injunction is as familiar as an action for debt, for damages, for mandamus or to quiet title.

We note the case of *Brown v. Galena Mining and Smelting Co.*, 32 Kan. 528, 4 Pac. 1013, cited by appellant, which was an acton for a permanent injunction to restrain parties from mining on certain property in Galena. A temporary injunction was issued, the plaintiffs having given bond therefor. Later the temporary injunction was dissolved. Whereupon the defendant against whom the temporary injunction had been issued commenced an action on the injunction bond. This court held that this action was prematurely brought, for it could not be ascertained until the main cause was decided whether the temporary injunction had been improvidently issued or not.

But in the case at bar the issues were threshed out to a conclusion in a jury trial and a final judgment rendered thereon, which judgment was affirmed by this court. (*Mason v. Harlow,* 91 Kan. 807, 139 Pac. 384.) That was a conclusive determination that the temporary injunction was not properly allowed, and Harlow's damages suffered thereby were then a matter of justiciable determination, and the district court did not err in entertaining this action on the bond nor in rendering judgment thereon. This rule is recognized in *Brown v. Galena Mining and Smelting Co.*, supra.

"If the court by the final judgment grants the relief demanded in the petition, it is the final decision that the temporary injunction was properly granted, and the undertaking given has served its purpose; but if the court, by its final judgment, decided that the plaintiff is not entitled to such relief, then it is finally decided that the injunction ought not to have been granted, and the liability of the obligors to it is fixed, and suit may be commenced and maintained for all damages sustained because of the issue of the injunction." (p. 531.)

To this effect are *Fox v. Hudson,* 20 Kan. 246; *Mitchell v. Sullivan,* 30 Kan. 231, 1 Pac. 518; *Mulvane v. Tullock,* 58 Kan. 622, 50 Pac. 897; *Tullock v. Mulvane,* 61 Kan. 650, 60 Pac. 749. Nor is this at variance with the decisions cited by appellant. There is no longer room for debate as to whether or not the temporary injunction ought to have been granted when the

suit for a permanent injunction has been finally decided against the party who obtained the temporary injunction.

A very interesting question is presented by appellee in a motion to dismiss but on the view here taken on the merits it need not be considered.

The judgment is affirmed.