No. 27,344.

THE BANK SAVINGS LIFE INSURANCE COMPANY, *Appellant,* v. FRANCES BELLE WOOD, *Appellee.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Suits to Cancel Policy—Right Where Facts Alleged Constitute Adequate Defense to Policy.* A policy of life insurance will not be ordered canceled, after the death of the insured, at the suit of the insurance company, where it is alleged that, during the lifetime of the insured, the policy had been canceled by the company and all benefits accruing to him under the policy had been paid to him, because the facts alleged for the cancellation of the policy state a complete and adequate defense to an action on the policy to enforce its payment.

2. INJUNCTIONS—*Restraining Action in Another State.* An action will not lie to enjoin a resident beneficiary named in a life insurance policy issued by a life insurance company organized under the laws of this state from prosecuting an action, previously commenced in another state, to enforce the payment of the policy, after the death of the insured, where the court in the other state acquired jurisdiction of all parties.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed February 12, 1927. Affirmed.

*E. R. Sloan,* of Holton, *J. Wirth Sargent* and *W. D. Jochems,* both of Wichita, for the appellant.

*Tom Harley, J. W. Ward, C. F. Clark,* all of Wichita, and *James J. O'Donohoe,* of St. Louis, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to enjoin the defendant from prosecuting an action in Missouri to compel the plaintiff to pay to the defendant the amount named in a policy of life insurance issued by the plaintiff on the life of Lee Beauford Wood, the deceased husband of the defendant, in which policy the defendant was named as the beneficiary. The plaintiff also sought the cancellation of the policy. A temporary injunction against the defendant was granted at the commencement of the action. She filed a motion to dismiss the action. That motion was sustained, and the plaintiff appeals.

The motion was heard on the allegations of the petition, certified copies of the petition and service of summons in the action in Mis-

Cancellation of Instruments, 9 C. J. p. 1162 n. 33; 48 L. R. A. n. s. 265; 4 R. C. L. 491.  Injunctions, 32 C. J. p. 118 n. 97.  Insurance, 32 C. J. p. 1268 n. 36.

souri, and admissions made at the time the motion was heard. The admissions were in part as follows:

"1. That at and prior to the commencement of this action it [the plaintiff] had complied with the requirements of the laws of the state of Missouri and that it was authorized to do business and was doing business in the state of Missouri under and by virtue of sections 6310 and 6310A of the Revised Statutes of Missouri, 1919.

"2. That at the time of the commencement of this action there was an action pending between the same parties in the circuit court of St. Louis, Missouri."

The certified copy of the petition in the action in Missouri disclosed that that action was one to enforce payment of the policy which the plaintiff here seeks to have canceled. The plaintiff is a Kansas corporation and has its principal place of business in the city of Topeka, in Shawnee county. The defendant is a resident of Sedgwick county.

1. The reason set out by the plaintiff for the cancellation of the policy was that it had been forfeited on nonpayment of premiums, and all liability of the company under the policy had been discharged by a loan to Lee Beauford Wood during his lifetime. That would have been a complete defense to the action on the policy in the Missouri court or to one that might have been commenced in Kansas.

In 32 C. J. 1268 it is said:

"Ordinarily, where a policy cannot be avoided on the ground of fraud, misrepresentation, or concealment, a court of equity cannot direct its cancellation to any claim on which there is a good legal defense, or declare that there is no legal liability upon it."

Also, in 9 C. J. 1162:

"It is almost universally held, except in a considerable number of decisions in which fraud was the ground on which relief was sought, that the jurisdiction of a court of equity, as a general rule, will not be exercised when complainant's remedy at law, either by way of action or defense, is plain, adequate, and complete."

The following language is found in 3 Joyce on Insurance, § 1664:

"As a general rule, a court of equity will not exercise jurisdiction to cancel a contract merely because it had become void or inoperative by reason of some fact which has taken place since its execution."

The headnote to *Insurance Company v. Bailey*, 13 Wall. (U. S.) 616, reads:

"Although equity have power to order the delivery up and cancellation of a policy of insurance obtained on fraudulent representations and suppressions of facts, yet it will not generally do so, when these representations and suppres-

Bank Savings Life Ins. Co. v. Wood.

sions can be perfectly well used as a defense at law in a suit upon the policy. Hence a bill for such a delivery up and cancellation was held properly 'dismissed, without prejudice,' though the evidences of the fraud were considerable, there being no allegation that the holder of the policy meant to assign it; and- suit on the policy having after the bill was filed been begun at law."

The rule declared in 9 C. J. 1162 is supported by *Miller v. Kettenbach*, 18 Ida. 253; *Reedy v. Chicago Vinegar & Yeast Co.*, 30 Ill. App. 153; *Bankers' Reserve Life Co. v. Omberson*, 123 Minn. 285; *Town of Venice v. Woodruff et al.*, 62 N. Y. 462; *Balestier v. Mechanics' Nat'l Bank*, 15 N. Y. St. 46; *Fludd v. Insurance Society*, 75 S. C. 315, 319; *The Sailors v. Woefle*, 118 Tenn. 755, 756; *Johnson v. Swanke*, 128 Wis. 68; Note to *Johnson v. Swanke*, 5 L. R. A., n. s., 1048; Note to *Bankers' Reserve Life Co. v. Omberson*, 48 L. R. A., n. s., 265; *Grand Chute v. Winegar*, 15 Wall. (U. S.) 373.

The plaintiff was not entitled to an order canceling the policy.

2. The plaintiff asked that the defendant be enjoined from prosecuting the action in Missouri because that action "is not brought in good faith, but is brought for the purpose of vexing and harassing the plaintiff and causing this plaintiff the expense of defending said action in a foreign state and that the ends of justice require that this defendant be enjoined and restrained from proceeding against the plaintiff in a foreign state."

The court in Missouri had jurisdiction of all the parties to the action in that state. The defendant, Frances Belle Wood, chose that state in which to undertake to enforce payment of the policy. The Bank Savings Life Insurance Company had previously consented, as required by the laws of Missouri, that an action against it might be commenced in that state and service of summons be made on the superintendent of insurance. The statute of Missouri is very similar to a like statute of this state governing the same matter.

In *Cole v. Young*, 24 Kan. 435, the following rule was declared:

"A court of equity may restrain a defendant, who is within its jurisdiction and subject to its process, from prosecuting any action or proceeding either in the courts of this or of a foreign state.

"But no such restraining order will be made simply because the litigation is in a foreign state, or to enforce a mere legal right, even though such right be granted by the statute of this state, but only when there is a manifest equity which compels such restraining order." (Syl. ¶¶ 1, 2.)

In *Zimmerman v. Franke*, 34 Kan. 650, 9 Pac. 747, the court said:

"Where a citizen of this state attempts by a proceeding in attachment or garnishment in another state to subject to the payment of his claim the personal earnings of another citizen of this state, which personal earnings are by the laws of this state exempt from being so applied, such first-mentioned citizen may be enjoined by an action in this state from further prosecuting his proceeding in attachment or garnishment in the other state." (Syl. ¶ 2.)

In that case, the reason for allowing an injunction is disclosed by what the court said.

Another case in which one litigant was restrained from pursuing the same litigation in another state is *Gordon v. Munn,* 81 Kan. 537, 106 Pac. 286. In that case, there was abundant reason for exercising the powers of equity to compel a litigant in this state to cease endeavoring to litigate the same question in another state after the litigation had commenced in this state.

In *Mason v. Harlow,* 84 Kan. 277, 114 Pac. 218, the court said:

"Equity has power to restrain a party within its jurisdiction from prosecuting a suit in the courts of another state, and in a proper case will not hesitate to exercise the power.

"Courts will not enjoin a suit in another state merely on the ground of convenience of parties, but will do so when such restraint is necessary to prevent one citizen from doing an inequitable thing, as where the action has been brought maliciously, in order to vex and harass another citizen or to interfere with or prevent the free administration of justice in a suit pending in this state." (Syl. ¶¶ 1, 2.)

These cases disclose the rule that has been adhered to in this state. If an action between citizens of this state is commenced in a court of another state and that court obtains jurisdiction of both the parties thereto, a subsequent action in this state to enjoin the plaintiff in the action in the foreign state from further prosecuting that action, will not be entertained unless there is some reason why the matter should be litigated in this state. This court has held in the cases cited that the convenience of the parties is not sufficient reason for enjoining the prosecution of the action in the foreign state. This is doubly true when the action in the foreign state is the one first to be commenced.

The motion to dismiss was not the equivalent of a demurrer to the petition because the motion alleged the facts on which it asked that the action be dismissed. The reasons given in the petition for asking for an injunction were controverted by the evidence attached to the motion and by the admissions which were made at the time the motion was heard.

The conclusion of the court was in the nature of a general finding of fact in favor of the defendant based on evidence, so far as the reasons given by the plaintiff for an injunction against the defendant are concerned.

The judgment is affirmed.