No. 26,648.

THE CITY OF WICHITA, *Appellant*, v. C. H. KILLION, *Appellee*.

No. 26,649.

THE CITY OF WICHITA, *Appellant*, v. W. C. LANDRUM, *Appellee*.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Removal and Disposition of Garbage — Scope of Ordinance.* A city ordinance providing for the collection and disposal of garbage by the highest bidder under a contract with the city and prohibiting all others from collecting or removing it, which defines garbage as "all organic waste or residue of animal food or vegetable matter from kitchens and dining rooms and from the preparation of, dealing in, or storage of meats, fowls, fruits, vegetables and grain," is not violated where a restaurant keeper took from his table scraps and bones not discarded, for the sole purpose of feeding his dogs and pets, and where he did not mingle the material so taken with the ordinary garbage from the restaurant, but placed it temporarily in a separate receptacle in the kitchen and afterwards carried it to the place on the outskirts of the city where the dogs and pets were kept and fed.

Appeals from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 8, 1926. Affirmed.

*Robert C. Foulston, George Siefkin, Warren Wattles* and *George Gardner,* all of Wichita, for the appellant.

*William Keith,* of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. C. Landrum and C. H. Killion were prosecuted for the violation of an ordinance of the city of Wichita relating to garbage and its disposition, and were convicted in the police court. Each of them appealed to the district court, and in a trial there upon an agreed statement of facts were found not guilty and were discharged. The city appeals.

The defendants were tried together in the district court, and as both cases depend on the same state of facts both may be disposed of in a single opinion. The ordinance required that all garbage should be deposited in metallic cans in a convenient place, and provided for its collection exclusively by a contractor selected upon

Garbage, 27 C. J. p. 1107 n. 31. Municipal Corporations, 28 Cyc. pp. 389 n. 12, 718 n. 78, 719 n. 83; 15 A. L. R. 287; 27 A. L. R. 1013.

competitive bidding, all other persons being forbidden to collect or remove it under penalty of a fine.  It was provided in the ordinance:

"That the term 'garbage' as used herein shall be defined and construed to mean all organic waste or residue of animal food or vegetable matter from kitchens and dining rooms, and from the preparation of, dealing in, or storage of meats, fowls, fruits, vegetables and grain."

To this statement was added the further admission that neither one of the defendants is a licensed garbage collector for the city of Wichita.  The agreed facts upon which the cases were submitted are as follows:

"It is stipulated and agreed between counsel for the city and counsel for the defendants in the above entitled actions, that these actions may be tried together before the court with the jury waived.

"Second. That on or about the 20th day of January, 1925, the defendant Landrum was operating a restaurant on North Main street in the city of Wichita, and lived at the restaurant; that the defendant Killion was a friend of Landrum and was a brakeman on the Missouri Pacific railroad and lived on Arkansas avenue, just outside of the city limits of the city of Wichita; that Landrum owned a couple of hound dogs and some rabbits and other pets which he kept at the residence of his friend Killion; that Landrum would deposit scraps of meat and bones and refuse from the table in his restaurant in a receptacle that he kept for that purpose in the kitchen of his restaurant, and would from time to time put these deposits in a paper sack or paper bag and carry them to Killion's home on the street car operating over the streets of the city of Wichita, or in an automobile conveying him thereto over the streets of Wichita.  That sometimes Landrum would send these packages to Killion's home by Killion, and Killion would transport them in the street car or over the streets of the city of Wichita in an automobile.  That these scraps of meat and bone and other refuse from the table never reached the garbage can that was placed at Landrum's restaurant; they were simply taken from the table or from the kitchen and placed in this special receptacle for use to feed Landrum's dogs and pets; that Landrum had a regular receptacle and place for garbage from his restaurant; that it was placed outside of the kitchen and that all of the refuse matter from his table, with the exception of the scraps above mentioned, was deposited in this garbage can and was taken up by the garbage hauler of the city of Wichita and was taken away by him.  That complaint was made to Landrum by the garbage inspector that he was holding out garbage from the garbage gatherer who had a contract with the city; that Landrum denied this, stating that he was simply withholding these scraps and bones and other refuse from the table for the sole purpose of feeding his dogs and pets, and that he was taking it and so using it before it had been discarded by him as garbage or had been put into the garbage can or intended for use as garbage.  That on or about the 20th day of January, 1925, the defendants Landrum and Killion were arrested on the complaint of the garbage inspector of the city of Wichita and brought before the police court

of the city of Wichita, each being charged with transporting and hauling garbage and slop over and through the streets of the city of Wichita, without a license; they pleaded not guilty, had a trial and each was found guilty by the judge of the court above stated and fined $25 and costs assessed against each defendant, from which they severally appealed."

It is the contention of the city that the materials were in fact waste and constituted garbage as defined by the ordinance. The contention of the defendants is that the materials had not been abandoned or rejected, had never been placed in the garbage can or treated as waste matter, but that being of some value and not offensive in their nature, were placed in a receptacle kept for that purpose within his restaurant and used for feeding the dogs and pets, and did not constitute garbage within the meaning of the ordinance. The power of the city to enact reasonable garbage ordinances is not denied, and the constitutionality of the one in question is conceded. The question in dispute is the interpretation of the ordinance; that is, whether the materials withheld from the garbage can and fed to the dogs and pets were in fact garbage within the meaning of the ordinance and constituted a violation thereof. In *Kirksey v. City of Wichita,* 103 Kan. 761, 175 Pac. 974, the ordinance involved here was examined and interpreted. It was held that the city had the power to give an exclusive right to the highest bidder to remove garbage, and that waste materials left on the tables of the restaurant and mingled with ordinary garbage could not be withheld and used by the owner. In that case it was recognized that all food placed on a table and not consumed by the patrons of the restaurant did not fall within the definition of garbage. In respect to the term "waste," reference was made to the decision in *O'Neal v. Harrison,* 96 Kan. 339, 150 Pac. 551, in which garbage was defined as "all rejected waste, food, offal," and it was concluded to be substantially the same as the definition in the ordinance in question. It was said:

"It is true the one here involved omits the word 'rejected,' but the word 'waste' carries practically the same implication, indicating material that has *lost its value for the purposes for which it was handled by the owner, and has been cast aside."* (p. 762.)

In another part of the opinion it was said:

"It does not follow that a dealer in perishable goods who finds himself with a quantity of them on hand which are so defective or damaged as to be unsalable in the ordinary course of business, may not sell them for some other use. *But, if he places them with ordinary waste matter, he elects to treat them as garbage and justifies their being so treated by others."* (p. 763.)

City of Wichita v. Killion.

In these cases the portions withheld were not cast aside nor rejected, nor were they mingled with the ordinary garbage collected from the restaurant and placed in garbage cans. They were kept in the restaurant in a separate receptacle, and there is no claim that they were retained there until they became noxious or offensive. If the owner had taken crumbs of bread from the table and fed them to birds caged or uncaged on his lawn, it would hardly be contended that it would be a violation of the ordinance even if he carried the crumbs across an alley to a lot where the birds were kept and fed. We are not disposed to minimize the force of requirements as to · the handling of waste which in fact is garbage, enacted for the protection of health, nor is it the purpose to modify the ruling in the Kirksey case upon which the city relies for a reversal. That ruling was based, as we have seen, on waste matter which the owner cast aside as worthless and had mingled with ordinary garbage. Among other things it was said:

"Where articles of that character are cast aside by their owner and mingled with ordinary refuse, the municipal authorities, for the purpose of guarding against offensive and possibly unwholesome odors, which would naturally arise unless such material is handled with proper care, may control the disposition of the whole mass in such a way as they deem expedient." (p. 763.)

That ruling is not an authority for holding the action of the defendants to be a violation of the ordinance, but it rather carries the implication that the materials withheld in this instance did not constitute garbage. A number of cases are cited interpreting other ordinances differing more or less from the one here involved, most of which deal with their validity, and so far as these holdings may differ from our view they are not followed. The ordinance is to be given a reasonable interpretation, and our conclusion is that the materials withheld and fed to the dogs and pets were not garbage within the meaning of the ordinance, and that the defendants were not guilty of violations of the ordinance.

The judgment is affirmed.