No. 26,751.

GUY BURKHALTER, *Appellant*, v. HENRY G. MATTESON and
W. B. LOCKWOOD, *Appellees.*

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Wrongful Attachment—Liability on Bond—Attorney's Fees.*
   In an action on an attachment bond to recover damages caused by the
   wrongful issue of the attachment, reasonable attorney's fees, whether paid or
   contracted for, can be recovered.

2. NEW TRIAL—*Grounds—Irregularities in Trial.* Where the record shows that
   material and competent evidence for the plaintiff was stricken out and that
   he did not have a fair trial, a judgment against him will be reversed and a
   new trial directed.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion
filed June 12, 1926. Reversed.

*E. E. Kite,* of St. Francis, for the appellant.

*J. L. Finley,* of St. Francis, for the appellees.


The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued on an attachment bond. Judgment was rendered in favor of the defendants on the demurrer to the evidence of the plaintiff, who appeals.

Henry G. Matteson sued Guy Burkhalter to recover $1,125 rent on agricultural lands farmed by Guy Burkhalter, and caused an attachment to be levied upon corn raised on the land. The affidavit for attachment contained allegations under the statute providing for an attachment by the landlord when the tenant intends to remove, or is removing, or has within thirty days removed his property or the crops or any part thereof from the leased premises (R. S. 67-527), and also under the general statute providing for an attachment in a civil action for the recovery of money (R. S. 60-901). An attachment bond in the sum of $2,250 was given to secure the payment of damages which Burkhalter might sustain if the attachment were wrongfully obtained. The attachment was levied on 1,000 bushels of corn appraised at $1,200. Burkhalter gave a redelivery bond and retained possession of the corn. The case remained undetermined for almost two years, when it was dis-

missed by the plaintiff without prejudice. The present action was thereafter commenced, and in the petition it was alleged that the attachment was wrongfully issued and levied on the corn.

On the trial of the action from which the present appeal is taken, a jury was impaneled and evidence was introduced. Part of that evidence was to show attorney's fees contracted for in resisting the attachment. That evidence was afterward stricken out. The plaintiff rested, and the defendants demurred to the evidence of the plaintiff. That demurrer was overruled, and the defendants commenced the introduction of their evidence, when further trial was adjourned until the next day. On the opening of court the next morning, the following occurred:

"The Court: On the rest of the plaintiff last evening, and immediately upon such rest, the defendants dictated a demurrer to the evidence of the plaintiff: That the evidence was insufficient to sustain an action for damages; that no damages were suffered by the plaintiff; that there was no showing that he should not pay rent to the defendant Matteson; that the proof and pleadings show that the attachment was brought under the landlord and tenant act, which is section 67-527, Revised Statutes of Kansas, 1923, and at such time the court overruled the demurrer to the evidence and called on the defendants to offer their testimony—(Interruption by—)

"Mr. Kite: If it is in the mind of the court to sustain the demurrer to the evidence on account that no showing has been made that the plaintiff in this case was not under obligation to pay rent under relation of landlord and tenant, the plaintiff desires to have the rest withdrawn to offer testimony showing there is no relation of landlord and tenant and no obligation to pay rent, and the plaintiff in this case was in possession of the land as owner, and has been in possession of the land ever since about March, 1918, and not obliged to pay rent to any person or persons. The plaintiff makes this request in the furtherance of justice.

"The Court: The application is denied on account of the condition of the pleadings in case No. 2,501, *Henry G. Matteson v. Guy Burkhalter*, and on account of various delays; on account of the contradictory state of facts as shown by the pleadings; on account of admissions in the petition and reply; on account of variances in allegations and proof; on account of the fact that all day yesterday was taken in the presentation of the case, and that the court indulged the plaintiff in slow, deliberate and lengthy examination, and gave full and sufficient time to present all matters that he desired to present and of things hereinafter stated, same is denied."

1. The plaintiff argues that it was error to strike out his evidence to show his contract for attorney's fees in resisting the attachment. In *Gregory v. Guaranty Co.*, 105 Kan. 648, 185 Pac. 35, 1041, it was held that:

"Expenses necessarily incurred in procuring the dissolution of the attachment wrongfully issued, including attorney's fees and the cost of depositions, may be recovered as damages in an action on the attachment bond." (Syl. ¶ 5. See, also, *Parrish v. Brokerage Co.*, 92 Kan. 286, 140 Pac. 835.)

So far as the recovery of attorney's fees is concerned, there cannot be any difference between the rule regarding the recovery of such fees in an action on an injunction bond and the rule regarding the recovery of like fees in an action on an attachment bond. In *Underhill v. Spencer*, 25 Kan. 71, this court said:

"An injunction undertaking was conditioned 'to pay all costs and damages which may be awarded against them [the plaintiffs] on the final hearing in this cause by the court.' *Held*, that the defendant might recover on this undertaking, though irregular in its form, the reasonable fees and charges of his attorney for services in obtaining a dissolution of the injunction. And *further held*, that actual payment to the attorney of these fees and charges is not a condition precedent to the recovery; it is sufficient if the liability therefor has become fixed and absolute." (Syl. See, also, note found in 16 L. R. A., n. s., 76.)

It was error to strike out the evidence concerning attorney's fees for which a contract had been made.

2. The plaintiff argues that error was committed by the refusal of the court to permit the introduction of further evidence by the plaintiff. The evidence which the plaintiff desired to introduce might have established that the attachment had been wrongfully issued. The evidence was competent, and it should have been admitted. To that extent, the plaintiff did not have a fair trial.

For the error in striking out the evidence to show the contract concerning attorney's fees and because the record discloses that the plaintiff did not have a fair trial, the judgment is reversed and a new trial is directed.