A. B. UNDERHILL, *et al.,* v. ELMIRA P. SPENCER.

INJUNCTION BOND, *Irregular in Form; Recovery.* An injunction undertaking was conditioned " to pay all costs and damages which may be awarded against them [the plaintiffs] on the final hearing in this cause by the court." *Held,* That the defendant might recover on this undertaking, though irregular in its form, the reasonable fees and charges of his attorney for services in obtaining a dissolution of the injunction. And further, *held,* That actual payment to the attorney of these fees and charges is not a condition precedent to the recovery; it is sufficient if the liability therefor has become fixed and absolute.

### Error from Barton District Court.

ACTION brought by *Spencer* against *Underhill* and three others, upon a bond in the sum of $175 by them given in an

action to restrain further proceedings under an execution issued upon a certain judgment in favor of the plaintiff and against the defendant *Underhill,* as constable, and his sureties. Trial by the court, at the March Term, 1879, and judgment for the plaintiff for $25 damages and for costs. The defendants bring the case here.

*Clayton & Clayton,* for plaintiffs in error.

*A. A. Hurd,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on an injunction bond. Two questions only are presented. The bond was conditioned to "pay all costs and damages which may be awarded against them on the final hearing in this cause by the court." It appears that the injunction was dissolved, but the terms of the order of dissolution are not shown.

First, it is contended that, as it is not shown that any damages were awarded in the action in which the bond was given, none can be recovered, the liability of sureties being limited to the express terms of the contract. The bond was given under § 242 of the code, which requires the party obtaining an injunction order to give an undertaking "to secure to the party injured the damages he may sustain, if it be finally decided that the injunction ought not to have been granted." If the language of the bond or undertaking had followed the statute, there would be no doubt as to the liability. But it must be presumed to have been under that statute, as there is none other applicable; and the plaintiff brought and obtained by means of such bond the injunction. Even a void bond has been enforced against the obligors, when they have received the full benefit thereof, and this upon the doctrine of estoppel. (*Daniels v. Tearney,* [Sup. Court U. S.,] 11 Rep., p. 113.) In that case it appeared that the bond was given in compliance with a statute of Virginia made to aid in the insurrectionary movements of 1861. The bond was therefore

under an unconstitutional. statute, and void.   But inasmuch as the principal in the bond had by means thereof obtained all the benefits attempted to be conferred by such statute, it was held that the obligors were estopped to deny its validity. Now the principal in this undertaking obtained by means thereof the restraining order.   Can the obligors thereafter say that this bond was outside the statute; that the restraining order was improperly issued thereon, and that they are not bound for all damages sustained by the defendant?   Again, what is meant by the words, "in this cause," as they appear in the bond?   Technically, doubtless they refer to the particular action in which the bond is given.   But the damages which flow from an injunction order are sustained after the suit is commenced and order made.   They are not strictly assessable in that action, but only in a subsequent suit.   And that suit is simply on the bond for damages.   It is an independent action, but an outgrowth of and founded upon the injunction action.   Were the parties trifling when they gave this undertaking?   Did they mean to assume no liability save that of costs, or did they refer to the final hearing and adjustment of rights and obligations between the parties founded upon this injunction order?   They speak of "final hearing." They say "cause," not "case," or "action."   Is not cause here used as equivalent to controversy, as referring to substance rather than form?   We think the action maintainable.

The other question is, whether the defendant in the injunction suit can recover the fees of his attorney for services in obtaining a dissolution of the injunction before he has paid them.   In this case the amount was agreed upon and the sum was reasonable.   The defendant's liability was absolute, but the fees had not in fact been paid.   With perhaps the single exception of California, the authorities agree that if the liability is fixed and absolute, it is enough; payment is not an essential prerequisite. (*Garrett v. Logan*, 19 Ala. 344; *Miller v. Garrett*, 35 Ala. 96; *McRae v. Brown*, 12 La. Ann. 181; *Brown v. Jones*, 5 Nev. 374; *Noble v. Arnold*, 23 Ohio St.

264; 2 High on Injunctions, 1685; *Shultz v. Morrison*, 3 Metc. [Ky.] 98; *Steele v. Thatcher*, 56 Ill. 257.)

There being no other question in this case, the judgment will be affirmed.

All the Justices concurring.