## No. 24,564.

C. C. Miner et al., *Appellees*, v. J. S. Kirksey and D. M. Anderson, *Appellants*.

### SYLLABUS BY THE COURT.

1. Temporary Injunction—*Wrongfully Issued—Measure of Damages—Action on Injunction Bond*. Expenses, including attorneys' fees necessarily incurred in obtaining the dissolution of a temporary injunction upon a motion made pending the litigation and before a hearing upon the merits, may be recovered in an action on the injunction bond after it has been finally decided that the injunction was wrongfully issued, and where the plaintiff dismisses his action upon the dissolution of the temporary injunction.

2. Same. The fact that part of the relief sought was a permanent injunction did not preclude a recovery of the reasonable and necessary fees and expenses incurred in dissolving the temporary injunction wrongfully granted.

Appeal from Sedgwick district court, division No. 3; Jesse D. Wall, judge. Opinion filed June 9, 1923. Affirmed.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellants.

*A. V. Roberts, J. N. Haymaker,* and *R. E. Angle,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   In this actin C. C. Miner and his copartners sued J. S. Kirksey and D. M. Anderson to recover upon a bond given by the latter promising to pay any damages the plaintiffs might sustain by reason of the issuance of a temporary injunction which the defendants obtained in a former action.   The plaintiffs prevailed, and defendants appeal.

It appears that an action had formerly been brought by Kirksey to recover damages and also enjoin interference with the collection of garbage in which he had been engaged.   The city of Wichita, in which he had been making collections, passed an ordinance providing. for the disposition of all garbage in retainers, to be collected exclusively by a contractor selected upon competitive bidding, and all others were forbidden to collect or remove garbage under prescribed penalties.   In that action he obtained a temporary injunction against the city and certain of its officers, and also against C. C. Miner and his partners, who had been given the exclusive contract to collect and remove garbage, restraining all of the defendants from interfering with Kirksey in collecting garbage.   The temporary injunction was to become effective upon the execution of the bond.   It was given, and pending the litigation and before a trial on the merits a motion was made by the defendants in that case to dissolve the temporary injunction, which was sustained by the court.   Upon an appeal to this court the decision was affirmed.   (*Kirksey v. City of Wichita,* 103 Kan. 761, 175 Pac. 974).   The litigation ended with the dissolution of the temporary order, as the plaintiff then abandoned his claim for damages and dismissed his action.   In the present action, brought to recover counsel fees and other expenses incurred in procuring the dissolution of the preliminary injunction, the defendants contend that such fees and expenses are not recoverable, as the injunction was the principal relief sought, that the hearing on the motion was in fact a trial on the merits, and that the dissolution of the temporary order was merely incidental to the general defense of the action.   Here there was no final trial of the action, and all the fees and charges for which the action was brought were incurred in getting rid of the unwarranted temporary injunction.   When that

Miner v. Kirksey.

order was asked Kirksey gave the bond sued on, undertaking to pay adverse parties any damages they might sustain by reason of the temporary order if it should be finally decided that it ought not to have been granted. The purpose of the bond was to protect the defendant against loss if it should be finally determined that the injunction was wrongfully obtained. It has been finally determined that the temporary injunction ought not to have been granted, and within the express terms of the bond a right of action for the fees and expenses necessarily incurred in procuring a dissolution of the wrongful order have accrued. It is contended that the injunction was the principal relief sought in that action and that the temporary order was ancillary to that relief, that attorneys' fees and expenses are not recoverable when earned in the general defense on the merits of an action. It has long been the settled rule in this state that if a party obtained a temporary injunction upon the giving of a bond undertaking that he will pay the damages sustained if it is finally decided that it ought not to have been granted, and the injunction is determined to have been wrongfully obtained and the action is then dismissed by the plaintiff or otherwise terminated in favor of defendants, the latter may maintain an action on the bond and recover counsel fees and other expenses incurred in getting rid of the wrongful order. (*Underhill v. Spencer,* 25 Kan. 71; *Mitchell v. Sullivan,* 30 Kan. 231, 1 Pac. 518; *Nimocks v. Welles,* 42 Kan. 39, 21 Pac. 787; *Mulvane v. Tullock,* 58 Kan. 622, 50 Pac. 897; *Tullock v. Mulvane,* 61 Kan. 650, 60 Pac. 749; *Clay Center v. Williamson,* 79 Kan. 485, 100 Pac. 59; *Paving Co. v. Guaranty Co.,* 81 Kan. 596, 106 Pac. 45.)

In some jurisdictions a different rule is held but the prevailing view is in accord with the one adopted by this court. (14 R. C. L. 486 and cases cited; Note in 16 L. R. A., n. s., 55).

It is urged that the attack of the defendants on the preliminary injunction was really a part of the general defense. The right to an injunction was an important feature of the litigation, but as we have seen other relief was sought. To determine whether the temporary injunction was rightfully or wrongfully obtained, consideration was necessarily given to the validity of the city ordinance, which was one of the issues involved on the merits of the case. The defendants, however, had the right to challenge the validity of the temporary injunction on the motion to dissolve it, even if a permanent injunction was a part of the relief sought, and they were en-

titled to any damages sustained in procuring the dissolution of the preliminary injunction wrongfully issued. Of course the damages recoverable are limited strictly to those incurred in procuring the setting aside of the wrongful restraining order. Those allowed in this case appear to be well within that limitation.

Judgment affirmed.