No. 28,629.

THE GARDEN PLAIN FARMERS ELEVATOR COMPANY and J. L. KEPPLER, *Appellees,* v. THE KANSAS WHEAT GROWERS ASSOCIATION and THE WESTERN SURETY COMPANY, *Appellants.*

(276 Pac. 799.)

Opinion filed May 4, 1929.

*T. A. Noftzger, George W. Cox* and *Lawrence Weigand,* all of Wichita, for the appellants.

*L. P. Brooks, Lewis A. Hasty* and *James B. Nash,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The Kansas Wheat Growers' Association commenced an action against the plaintiffs for an injunction to restrain them from purchasing wheat from any member of that association, obtained a restraining order and gave bond in the sum of $500 with the Western Surety Company as surety. That restraining order was afterward set aside and the action dismissed. The plaintiffs in the present action sued on the bond and recovered judgment, from which the defendants appeal.

The defendants demurred to the petition of the plaintiffs and to the evidence introduced by them in support of that petition, and requested certain special instructions. Their demurrers were overruled, and the court refused to give the instructions requested. The defendants complain of those adverse rulings. All of the questions argued by the defendants may be reduced to one proposition, and that is that because the plaintiffs did not allege or prove any damage sustained by them except what was connected with and incident to their efforts to secure a dissolution of the restraining order, they are not entitled to recover any judgment whatever on the bond.

The petition alleged:

"That by reason of the issuance of the temporary restraining order as aforesaid the plaintiffs have been greatly damaged; that they have been obliged to lose considerable time and have been put to a great deal of inconvenience and expense in defending themselves in said cause, and have been obliged to obligate themselves to pay attorney fees in the sum of five hundred ($500) dollars."

There was evidence which tended to prove that J. L. Keppler, who was manager of the plaintiff elevator company, spent a considerable portion of time in going to and returning from Wichita for the purpose of securing the dissolution of the restraining order, and that for the same purpose the plaintiffs had obligated themselves to pay a reasonable attorneys' fee, which was shown to be $500. The evidence disclosed that the elevator company was engaged in the purchase of wheat at Garden Plain, Kan., and that neither of the plaintiffs knew who were members of the Kansas Wheat Growers Association.

The elevator company was engaged in a legitimate business with the right to purchase wheat from any person who had the right to sell wheat. There is nothing in the statute prohibiting one person from buying wheat from another person who is a member of an association organized under the statute. As between the member of the association and the association, the member would not have the right to sell a third person the wheat which the member had agreed to sell to the association; but the right of the association to purchase the wheat grown by its members did not go to the extent of prohibiting persons not members of the association from purchasing wheat from its members. There is no principle of law that prohibits an elevator company from purchasing wheat from a member of the wheat growers association where the company does not know that the seller is selling wheat that he had contracted to sell to the association. When the temporary restraining order was issued it prohibited the plaintiffs from doing what they had a legal right to do.

There was evidence which tended to prove that the plaintiffs did not intend to purchase wheat from any member of the wheat growers association. That fact is the keystone of the argument of the defendants. They say that if the plaintiffs did not intend to purchase wheat from any member of the wheat growers association they were not prohibited from doing anything that they wanted to do. The evidence showed that it was difficult for the plaintiffs to ascertain

who were and who were not members of the wheat growers association. Compliance with the injunction imposed a burden on the plaintiffs not imposed by law. They were justified in resisting the imposition of that burden. To do so it was necessary for them to spend time and money in addition to employing attorneys, all of which are proper elements of damage to be recovered by the plaintiffs under the bond.

In *Miner v. Kirksey,* 113 Kan. 715, 216 Pac. 284, this court said:

"Expenses, including attorneys' fees necessarily incurred in obtaining the dissolution of a temporary injunction upon a motion made pending the litigation and before a hearing upon the merits, may be recovered in an action on the injunction bond after it has been finally decided that the injunction was wrongfully issued, and where the plaintiff dismisses his action upon the dissolution of the temporary injunction." (Syl. ¶ 1.)

See, also, 32 C. J. 470.

The judgment is affirmed.