No. 28,882.

F. A. Messmer, *Appellant*, v. Kansas Wheat Growers Associa-
tion and The National Surety Company, *Appellees*.

(282 Pac. 728.)

Opinion filed December 7, 1929.

*Earl Blake* and *Harold Blake*, both of Wichita, for the appellant.

*T. A. Noftzger, George W. Cox* and *Lawrence Weigand*, all of Wichita,
for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover damages for the
alleged wrongful procuring of an injunction. The defendants pre-
vailed, and the plaintiff appeals.

The facts were substantially these: On July 9, 1923, in an ac-
tion brought by the Kansas Wheat Growers Association against
the plaintiff, a restraining order was issued and served on the
plaintiff by which he was restrained from selling or delivering or
disposing of his wheat. At the time of the issuance of the restrain-
ing order, and for the purpose of causing it to be issued, the de-
fendants made and filed a written undertaking in which they
jointly and severally undertook and agreed to pay all damages
which might result to the plaintiff because of the issuance thereof
in the event it should finally be determined that it was wrongfully
issued. The plaintiff herein filed his application to vacate the
restraining order which was, however, not disposed of or set aside
and vacated until the permanent injunction was denied on trial
of the action December 18, 1926, at which time it was found and
adjudicated that the restraining order was wrongfully issued; that

plaintiffs (defendants herein) take nothing by said action and that they be denied the relief prayed for in their petition.

The plaintiff in the present action offered evidence showing expenses on various trips to the Wheat Growers Association, to employ and consult his attorneys, and other trips in attempting to set aside the restraining order. Also, other expenses which need not be enumerated here, all of which the trial court declined to hear.

The defendants contend that even if the plaintiff had a right to vacate the restraining order in the original case before the trial of it, he did not do so; that all he did was to file a motion to vacate the order; that nothing further was ever done; that all of his expenses were incurred in the final trial of the action and that as the injunction was ancillary to the main action, no such expenses can be recovered on the bond.

In our opinion these contentions are not tenable. The trial court appears to have based its ruling on the last clause of R. S. 17-1616, which reads:

"Pending the adjudication of such an action and upon filing a verified complaint showing the breach or threatened breach, and upon filing a sufficient bond, the association shall be entitled to a temporary restraining order and preliminary injunction against the member,"

and on the theory that an application to set aside a restraining order or temporary injunction could not be entertained by the court; that the court had no jurisdiction or power to modify or vacate such order. Authorities cited in support of the contentions are in our opinion not applicable to the facts here. In *Bowman v. Hopper*, 125 Kan. 680, 265 Pac. 743, it was said:

"In an action to recover damages for the wrongful issuance of an injunction, the evidence considered and held sufficient to support a general judgment for the plaintiff, which included a finding that the injunction remained in force and effect until its dissolution at the end of the lawsuit." (Syl.)

In the opinion this language was used:

"While a restraining order does not technically operate as a temporary injunction (except for the briefest practical time to be followed up with a hearing for a temporary injunction), yet by neglect of the party who procured the restraining order to follow it up or by reason of inaction on the part of the court itself, the restraining order may become, in effect, a temporary injunction, which it appears to have done in the case at bar." (p. 682.)

It is quite uniformly held that expenses and attorneys' fees may be recovered on the dissolution or vacation of a restraining order or

temporary injunction when the same was wrongfully obtained. (See *Underhill v. Spencer*, 25 Kan. 71; *Loofborow v. Shaffer*, 29 Kan. 415.) In *Garden Plain Farmers Elev. Co. v. Kansas Wheat Growers Ass'n*, 128 Kan. 218, 276 Pac. 799, it was held that—

"Costs and expenses paid out and obligations for attorneys' fees incurred in procuring the dissolution of a restraining order may be recovered from the signers of a bond to procure that order, where it restrained the persons to whom it was directed from doing what they had a legal right to do." (Syl.)

See, also, *Nimocks v. Welles*, 42 Kan. 39, 21 Pac. 787; *Miner v. Kirksey*, 113 Kan. 715, 216 Pac. 284.

It can hardly be said that the restraining order procured in this case by the defendants was ancillary to defendants' main cause of action. The defendants sought to collect damages for the alleged sale of wheat and to restrain the plaintiff from selling additional wheat under an alleged contract. The injunction sought was one of the defendants' principal causes of action, and if the restraining order which was of like effect as an injunction was wrongfully issued then plaintiff here is entitled to recover his separate damages therefor. In *Tullock v. Mulvane*, 61 Kan. 650, 60 Pac. 749, it was said in the opinion:

"It is next contended that there was a failure to separate the attorneys' fees which Mulvane claimed he had paid in the injunction branch of the case from those paid for defending the bill for damages for nonperformance of the contract, and, also, that a portion of that for which he made claim was paid for services not rendered to him but rendered to other defendants in the injunction proceeding. We have examined the evidence as to this. The plaintiff in error is mistaken." (p. 658.)

See, also, *Harlow v. Mason*, 98 Kan. 353, 157 Pac. 1175.

Where a temporary injunction or restraining order is wrongfully issued all expenses incurred therein which are recoverable on the bond then given may be recovered whether the determination that the order was so wrongfully issued is in the final trial of the case or on separate hearing on application to set aside or vacate the order. A determination of the wrongful issue of such order or injunction may be had either on the motion or on trial of the action. In *Harlow v. Mason*, supra, it was said:

"It is conclusively determined that a temporary injunction ought not to have been granted when it is finally decided on the merits that the plaintiff is not entitled to an injunction of any sort, temporary or permanent." (Syl. ¶ 3.)

Practically the only difference in the right to recover is that there may be some difficulty in determining what expenses were incurred

where the temporary injunction or restraining order is dissolved or set aside on the trial, while the expenses incurred on special hearing on motion present no such question. However, in the cases above cited, and especially the Tullock-Mulvane case, this court determined that the expenses, including attorneys' fees incurred and proved, may be recovered even though the determination of the wrongful issue was at the trial of the main action. In *Miner v. Kirksey*, 113 Kan. 715, it was said in the opinion:

"The purpose of the bond was to protect the defendant against loss if it should be finally determined that the injunction was wrongfully obtained. It has been finally determined that the temporary injunction ought not to have been granted, and within the express terms of the bond a right of action for the fees and expenses necessarily incurred in procuring a dissolution of the wrongful order has accrued. It is contended that the injunction was the principal relief sought in that action and that the temporary order was ancillary to that relief, that attorneys' fees and expenses are not recoverable when earned in the general defense on the merits of an action. It has long been the settled rule in this state that if a party obtained a temporary injunction upon the giving of a bond undertaking that he will pay the damages sustained if it is finally decided that it ought not to have been granted, and the injunction is determined to have been wrongfully obtained and the action is then dismissed by the plaintiff or otherwise terminated in favor of defendants, the latter may maintain an action on the bond and recover counsel fees and other expenses incurred in getting rid of the wrongful order." (p. 717.)

Direct and competent evidence was offered to show the various steps taken before and after the application to set aside the restraining order was filed, the expenses incurred in preparing for a hearing of the application and the reasonable value of such services, which amounted to a substantial sum—expenses which apparently had no connection with the final trial of the case on its merits.

The judgment is reversed and the cause remanded for further proceedings.