556

No. 29,066.

WILLIAM HARVEY, *Appellee,* v. J. J. MAJORS and THE MARYLAND CASUALTY COMPANY, *Appellants.*

(283 Pac. 663.)

· Opinion filed January 11, 1930.

*A. M. Etchen,* of Kansas City, for the appellants.

*David F. Carson* and *Carl W. Fincke,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on a bond given to secure a restraining order and temporary injunction enjoining the plaintiff from taking the evidence of a certain witness in an action for workmen's compensation. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

The action in which the bond was given was one in which William Harvey was plaintiff and Eldridge & Majors Packing Company and J. J. Majors were defendants. The plaintiff desired to take the deposition of defendant J. J. Majors, who obtained the restraining order and temporary injunction, and with the defendant, the Maryland Casualty Company, signed the bond to obtain that order. The restraining order and temporary injunction were afterward dissolved, and this action was commenced.

The defendants contend that the court had no jurisdiction of the action in which the bond was given. The nature of the action

has been stated. On the trial of that action it appeared that the defendants therein were willing to arbitrate. An arbitrator was appointed, an award was made, a motion to modify the award was denied, an appeal was taken to this court, and the judgment was affirmed. (*Harvey v. Eldridge & Majors Packing Co.*, 128 Kan. 403, 278 Pac. 16.) The defendants rely on the principle that a judgment by a court without jurisdiction of the subject matter is a nullity and cite a number of authorities to support that principle. The district court did have jurisdiction to determine the matter that was before it, but because the defendants in the compensation case showed that they were willing to arbitrate as the law directed, the action was not tried. The plaintiff was enjoined from taking the deposition of J. J. Majors, irrespective of the jurisdiction of the court to try the action for compensation.

In 32 C. J. 453 the author says:

"After plaintiff has obtained an injunction and stayed his adversary's proceedings and thereby caused him to suffer damages, it is too late for plaintiff to set up as a defense in an action on the injunction bond a want of jurisdiction to grant the injunction."

The following is found in the syllabus to *Robertson v. Smith et al.*, 129 Ind. 422:

"When a plaintiff files a complaint and bond, and procures an injunction to issue from a court of general jurisdiction, he is, when sued upon the bond, estopped to say that the court granting the injunction was without jurisdiction of the person of the defendant, and that therefore the bond is invalid, and no suit can be maintained upon it." (See, also, High on Injunction, 4th ed., § 1652.)

Complaint is made of the allowance of attorney's fees as part of the damage sustained on account of the temporary injunction. This court has said that attorney's fees are proper damages to be recoverable in such an action. (*Underhill v. Spencer*, 25 Kan. 71; *Loofborow v. Shaffer*, 29 Kan. 415; *Nimocks v. Welles*, 42 Kan. 39, 21 Pac. 787; *Mulvane v. Tullock*, 58 Kan. 622, 50 Pac. 897; *Tullock v. Mulvane*, 61 Kan. 650, 60 Pac. 749; and *Miner v. Kirksey*, 113 Kan. 715, 216 Pac. 284.)

The defendants argue that the attorney's fees allowed were for services rendered in obtaining compensation for the plaintiff. They cite section 44-536 of the Revised Statutes to support their contention. That section regulates the allowance of attorney's fees for services rendered in obtaining compensation for an injured workman. It has nothing to do with attorney's fees in injunction cases, although they may be incidentally connected with compensation

cases. The injunction proceeding in the present action was not so closely connected with the compensation action as to bring it within the operation of that statute.

The judgment is affirmed.

Jochems, J., not participating.