No. 29,738.

EARL KENNEDY, *Appellee,* v. R. P. LIGGETT and THE UNION
INDEMNITY COMPANY, *Appellants.*

(295 Pac. 675.)

Opinion filed February 7, 1931.

*Walter T. Matson,* of Wichita, and *C. L. Aikman,* of El Dorado, for the
appellants.

*L. J. Bond,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from a judgment rendered
in favor of the plaintiff in a suit on an injunction bond. The appel-
lants are the plaintiffs in the injunction suit and the bonding com-
pany, which executed the injunction bond as surety for them. The

injunction was procured by the owners of land adjoining a high-way in Butler county where the board of county commissioners were constructing a bridge across a stream, which these landowners claimed was being illegally constructed. They brought the action against the board of county commissioners, the township board, the county engineer and Earl Kennedy, the bridge contractor. All were enjoined and restrained from proceeding further in the erection and construction of the bridge. The bridge contractor immediately employed an attorney to apply for a dissolution of the injunction, and after a hearing which developed the fact that his contract covered only the foundation and abutments of the bridge, which did not reach the part of the bridge alleged to be different from that required by statute, and that his work under his contract was within one-half day of being entirely completed, the court dissolved the temporary injunction in so far as it applied to the construction and erection of abutments to the bridge. Kennedy at once completed his work, but had lost four days' time for himself and one helper, and the use of his machinery and equipment for that time. An amended petition was later filed and Kennedy, the bridge contractor, had his attorney file an answer, and upon the trial the cause of action was dismissed as to him, but the injunction was made permanent as to the other defendants. Earl Kennedy, the bridge contractor, thereafter brought this action on the injunction bond against the landowners procuring the injunction and the Union Indemnity Company, makers of the bond, to recover $250 damages for expenses incurred in the employment of an attorney to get the temporary injunction dissolved and to have the cause dismissed as to him, and for loss of time for himself and helper and the loss of use of his equipment for four days.

The case was tried to the court. Demurrers were filed to the petition and to the evidence of the plaintiff, and overruled. The defendants introduced no evidence and the court found for the plaintiff and against defendants for $250—$150 for attorney fee and $100 for loss of time and use of equipment.

Appellants earnestly contend that there was error in holding the defendants liable on a bond in which the appellee Kennedy was not named as an obligee. The bond named only the board of county commissioners as an obligee. It recited the filing of the suit, the granting of a temporary injunction enjoining and restraining the

defendants, and concluded with obligation to "pay the defendants' damages which they might sustain."

The statute under which the bond was given is as follows:

"No injunction, unless otherwise provided by special statute, shall operate, until the party obtaining the same shall give an undertaking, executed by one or more sufficient sureties, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure to the party injured the damages he may sustain if it be finally decided that the injunction ought not to have been granted." (R. S. 60-1110.)

It does not require that the obligees be named therein, but rather seems to be given "to secure to the party injured the damages he may sustain."

"Usually the statutes require that the bond shall be made payable to the adverse party, but a substantial compliance with this requirement will be sufficient." (32 C. J. 315.)

"Generally, all the defendants who have been enjoined and have obeyed the injunction, and who in consequence of the allowance of the injunction and their obedience thereto have suffered loss, can claim and recover damages." (32 C. J. 436.)

"In determining the right of a party to sue on a bond; that is, whether he may sue as one entitled to the benefit secured by the bond, a strict adherence to the exact letter of the instrument will not in all cases be favored." (14 R. C. L. 476.).

Not only does our statute not require the names of the defendants to appear in the bond, but the general rule seems to be that the bond goes to the protection of all parties to the action who are restrained and damaged thereby. Even if it should be held to be defective in that respect, the court could not permit the party making it to avoid and escape his liability thereunder after having obtained the desired injunction thereby.

"It is no defense to one who has signed a supersedeas bond and thereby obtained the desired stay of execution that the bond did not conform to all the statutory requirements." (*Gille v. Emmons*, 61 Kan. 217, syl. ¶ 4, 59 Pac. 338.)

Appellants urge two other points which may be considered together, viz., that the injunction must have been wrongful in its inception or continued owing to some wrong on the part of the plaintiff before there can be a recovery, and if the injunction was rightfully awarded but afterwards properly dissolved because of matters arising subsequent to its issuance, there can be no recovery thereunder.

A quotation from the journal entry will best show the situation as to the injunction as granted and the reasons for its dissolution:

"Thereupon the defendants by their attorneys stated that the only work now being done or contracted for by defendants has been completed by said Kennedy except about one-half day's work, and plaintiffs by their attorneys stated that if that be true they did not care to cause said Kennedy any damage or delay and did not object to the completion of the piers by him, but plaintiffs did object to the setting aside of said restraining order.

"Thereupon, the court finds that said restraining order should be dissolved and set aside in so far as it pertains to the construction and erection of abutments to the said bridge, the same being now completed except for about one-half day's work."

The consent expressed by the plaintiffs in the injunction action as to the completion of the work by Kennedy on the abutments is practically equivalent to a withdrawal of the injunction as to that part of the work, but the very reason given implies that the inception of it was wrong, in that they state they did not care to cause him any damage or delay. They had already caused four days delay. The concession was made for the definite purpose of not causing delay or damage and the same situation existed when the injunction order was procured four days earlier. If this had been the conclusion of the matter as far as Kennedy was concerned, it might have been argued with some force that the inception was not necessarily wrongful, but Kennedy is retained as a defendant in the amended petition, and the injunction stands for everything except the completion of the half day's work on the abutments, and later upon a trial the cause of action is dismissed as to him.

It was held in the case of *Mitchell v. Sullivan*, 30 Kan. 231, 1 Pac. 518, that when the plaintiff dismisses his action after obtaining a temporary injunction the order of the court dismissing the action is equivalent to a final decision by the court that the plaintiff was not entitled to a temporary injunction, and an action will lie upon the injunction undertaking.

A similar decision was later made in the case of *Miner v. Kirksey*, 113 Kan. 715, 216 Pac. 284, where it was held:

"Expenses, including attorneys' fees necessarily incurred in obtaining the dissolution of a temporary injunction upon a motion made pending the litigation and before a hearing upon the merits, may be recovered in an action on the injunction bond after it has been finally decided that the injunction was wrongfully issued, and where the plaintiff dismisses his action upon the dissolution of the temporary injunction." (Syl. ¶ 1.)

Appellants reason that as a permanent injunction was finally granted plaintiffs against the other defendants except Kennedy, that the injunction was not wrongfully granted in its inception, nor wrongful in its continuance against Kennedy, and cite *Brown v. Galena Mining and Smelting Co.*, 32 Kan. 528, 4 Pac. 1013, and *Jones v. Ross*, 48 Kan. 474, 29 Pac. 680, where it was held the actions were prematurely commenced after dissolution of the temporary injunction but before final judgment. Appellants also refer to the case of *Heaton v. Burnside*, 97 Kan. 453, 155 Pac. 935, but in that case there was no breach of the bond because of a modification of the injunction order.

It is further insisted that the subsequent completion of the half day's work on the abutments justified the dissolution and dismissal, but the plaintiffs consented to that completion and still retained the injunction binding defendants generally except as to finishing the abutments. What was done in that one-half day's work was not such a subsequent change as to relieve the makers of the bond from liability for the actual damages incurred by reason of the enforced delay in completing the work under Kennedy's contract, which was not in any way in violation of the provisions of the statute as to bridge requirements.

We find no error in holding the defendants liable on their bond, and as to the items of attorney fee and loss on account of delay being proper elements of damages in actions on injunction bonds, see *Underhill v. Spencer*, 25 Kan. 71; *Messmer v. Kansas Wheat Growers Ass'n*, 129 Kan. 220, 282 Pac. 728; and *Harvey v. Majors*, 129 Kan. 556, 283 Pac. 663.

The judgment is affirmed.