No. 40,239

TEXAS CONSTRUCTION COMPANY, *Appellant*, v. HOISTING AND PORTABLE ENGINEERS' LOCAL UNION No. 101, Affiliated with the International Union of Operating Engineers A. F. of L., an unincorporated Labor Organization or Association; JESS HARDY, individually and as Business Agent of said Labor Organization; and all other members, agents and representatives of said Labor Organization whose real names are unknown to plaintiff and therefore cannot be given, as individuals and representatives of said Labor Organization, *Appellees*.

(304 P. 2d 498)

filed December 8, 1956.                                              Opinion

D. A. Hindman, of Stockton, argued the cause, and Stanley Krysl, of Stockton, was with him on the briefs for the appellant.

Robert L. Kimbrough, of Topeka, argued the cause, and George E. McCullough and Leon W. Lundblade, both of Topeka, and William Stowell, of Phillipsburg, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is from a judgment rendered on an injunction bond for costs and damages, and arises out of the unlawful issuance of an injunction.

In May, 1953, plaintiff construction company brought an action for an injunction against defendant union arising out of a labor dispute. Following a hearing thereon a temporary injunction was granted and plaintiff was ordered to file a bond in the amount of $1,000. Such bond was filed and its provisions read:

"WHEREAS, on the 19th day of May, 1953, the court granted a temporary-injunction in the above entitled case, upon condition the plaintiff give security for costs and damages as provided by statute in the sum of $1000.00.

"Now THEREFORE, Texas Construction Company, a corporation, as principal, and WESTERN SURETY Co., as surety, in consideration of the granting of said order, hereby undertake and bind ourselves to pay, to any party who may be found to have been wrongfully enjoined thereby, of any costs and damages which may be incurred or suffered by reason of such wrongful injunction if it should be finally decided that said temporary injunction ought not to have been granted, not exceeding, however, the amount of $1000.00."

Defendant union appealed to this court, and on July 14, 1955, we reversed the judgment of the lower court on the ground that court had no jurisdiction of the subject matter of the action and directed that the injunction be set aside and the action dismissed. (Texas Const. Co. v. H. & P. E. Local Union No. 101, 178 Kan. 422, 286 P. 2d 160.)

In due time the mandate of this court was filed in the court below, following which defendant filed its motion in that court to assess costs and damages under the injunction bond in an amount not to exceed $1,000.

Plaintiff filed its written objections to this motion alleging that inasmuch as it had been determined on appeal the district court had no jurisdiction of the subject matter of the injunction action the court was without jurisdiction to grant further relief to either party; that as defendant had already received payment of court costs incurred by it in connection with the appeal, including cost of printing its abstract, such fact was res judicata insofar as the

motion for additional costs or damages was concerned; that to allow recovery under defendant's motion would amount to a splitting of a single cause of action, and that defendant sought to forfeit the bond or obtain relief under it without notice to the surety therein.

Following a hearing on this motion at which defendant introduced evidence as to its expenses, including attorney fees, in connection with its defense to the injunction action, the court found:

"Court finds that the evidence substantiates $1,487.67 damages to defendant, Union. That damages should be assessed against plaintiff in the sum of $1,000.00, same being amount of bond and damages being limited thereby in favor of defendant, Union, and against plaintiff. That Bond should not be ordered forfeited because of want of notice to surety company, but liability of surety company should be held subject to farther proceedings or action. That costs, including $1,000.00 allowed should be taxed to plaintiff and all as per Journal Entry. Mandate is order spread of record and judgment for plaintiff is set aside and judgment is entered for defendants in accordance therewith."

Plaintiff's motion for a new trial was overruled, judgment was entered in harmony with the above finding, and plaintiff has appealed, specifying as error the rendition of the judgment in the amount of $1,000 and the order overruling its motion for a new trial.

It is contended by plaintiff that the district court lacked jurisdiction to assess costs and damages in the original injunction action—that is, defendant's remedy, if any, is limited to a separate and distinct action on the bond, and in this connection it is further argued the court had no authority to allow attorney fees and that the procedure resorted to amounted to a denial of plaintiff's right to a trial by jury on the question of damages it might have sustained which it could establish by way of a counter-claim.

In our opinion this contention cannot be sustained.

In the first place, the attempt to recover costs and damages under the bond was not an action for the "recovery of money" in the strict sense of the word. It arose out of the injunction action, was purely equitable in nature, and under the circumstances plaintiff was not entitled to a trial by jury. The allowance of costs and damages, which included the item of expense incurred by defendant for attorney fees, did not constitute an allowance of "attorney fees," as such. The ruling of the lower court was fully warranted under the authority of *Messmer v. Kansas Wheat Growers Ass'n,* 129 Kan. 220, 282 Pac. 728, in which a similar question was considered. See also *Harvey v. Majors,* 129 Kan. 556, 283 Pac. 663, and *Kennedy v. Liggett,* 132 Kan. 413, 417, 295 Pac. 675.

The other contention made by plaintiff is to the effect that as defendant had already been reimbursed for court costs incurred in connection with the former appeal, including the cost of printing its abstract, to permit it now to recover other costs and damages would amount to a splitting of but one single cause of action.

This contention is likewise without merit and cannot be sustained.

In the first place, the collection of court costs incurred in the former appeal was not the exercise of a cause of action. In the second place, the entire proceeding, from beginning to end, being one purely equitable in nature, the trial court possessed power and authority to make a full and final adjudication of all matters properly before it and was not compelled to leave the matter now under consideration for separate and future litigation. (*Row v. Artz,* 168 Kan. 71, 73, 211 P. 2d 66.)

In the final analysis, actually only one proposition is presented by this appeal. By the terms of the injunction bond plaintiff and its surety undertook to pay all costs and damages, not exceeding $1,000, incurred by defendant, in the event it should ultimately be determined that the injunction was wrongfully granted. That question was answered in the former appeal. The bond means just what it says, and we know of no reason why defendant should be precluded from recovering, in the manner followed, costs and damages incurred by it in resisting the injunction action.

No error being shown, the judgment is affirmed.