No. 43,861

Mary A. Alder, John J. Alder, Harry H. Alder, (Plaintiffs), and S. C. Ludwig, (Surety), *Appellants,* v. The City of Florence, Kansas, *Appellee.*

(397 P. 2d 375)

Opinion filed December 12, 1964.

*John J. Alder,* of Kansas City, argued the cause, and *Dean C. Batt,* of Marion, was with him on the brief for the appellants.

*Spencer L. Depew,* of Wichita, and *D. M. Ward,* of Peabody, argued the cause, and *Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy, Donald A. Bell, J. L. Weigand, Jr., Paul M. Buchanan* and *Charles R. Moberly,* all of Wichita, were with them on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an injunction action wherein appeal has been duly perfected from an order of the trial court in ancillary proceedings designed to determine damages embraced within an injunction bond because the plaintiffs below wrongfully obtained the issuance of a restraining order against the city of Florence, Kansas.

The primary thrust of this appeal is to determine the nature of proceedings on an injunction bond.

On the 30th day of January, 1963, Mary A. Alder, John J. Alder and Harry H. Alder (plaintiffs-appellants) filed a petition in the district court of Marion County, Kansas, stating in substance that the city of Florence (defendant-appellee), a second class municipal corporation, through its governing body, attempted to create a flood control project pursuant to the provisions of G. S. 1949, 12-635, *et seq.,* by the construction of a dike around the city adjacent to the Cottonwood River, the result of which would damage the plaintiffs, owners of 185 acres of land adjoining the east side of the Cottonwood River. The petition further alleged that in the event the dike, as proposed and planned, is constructed, the land of the plaintiffs would be severely injured and damaged from water overflowing from the Cottonwood River; that G. S. 1949, 12-639 requires that the governing body shall appoint appraisers who shall "assess all damage to any and all property that will be injured or damaged by reason of said improvement;" that the governing body of the city appointed appraisers as directed by the statute; that said appraisers have assessed damages to property which lies within the proposed dike ring; but that said appraisers have not assessed damages which would be incurred by the owners of property lying outside the said proposed dike ring; that the

plaintiffs' land has not been appraised nor have damages which might result to their land by virtue of the proposed dike project been assessed; that plaintiffs have not been given an opportunity to object to the appraisers' report, nor have they been given notice, all as required by G. S. 1949, 12-640.

The petition further alleged that the city was about to dig up and relocate utilities, close and tear up streets and commence other phases of the proposed project; that the city was about to close the Fifth Street bridge which lies at the east edge of Florence and crosses the Cottonwood River, and was also about to tear up that part of Fifth Street which leads onto the bridge from the west, all of which would remove the usual and direct entry of plaintiffs and other parties from their land to the city. It is alleged these acts would be wholly illegal and would work great and irreparable damage to the plaintiffs, and that the plaintiffs have no adequate remedy at law. Whereupon the plaintiffs prayed for judgment against the defendant enjoining and restraining it and its governing body from doing the aforesaid acts until such time as the city complies with the provisions of 12-639, *supra*. The plaintiffs further alleged that unless the city and its governing body was forthwith and without notice enjoined and restrained, the plaintiffs would suffer irreparable damage and injury. Whereupon they prayed that a restraining order against the city be granted forthwith.

Pursuant to the allegations of the petition the district court on the 4th day of February, 1963, without notice to the city, issued a restraining order during the pendency of the action, which in material part reads:

". . . the defendant, its governing body, its agents, employees and servants be restrained and enjoined from closing the Fifth Street Bridge lying at the east edge of Florence, Kansas, and from digging up and relocating utilities, closing and tearing up streets and in any other way from proceeding with the construction of the proposed dike project in the city of Florence, Kansas, said order to become effective at such time as plaintiffs file a good and sufficient surety bond in the sum of $8,000.00."

Pursuant thereto a bond dated the 5th day of February, 1963, (and apparently filed with the district court on the 8th day of February, 1963) was executed by *Mary A. Alder as principal and S. C. Ludwig (appellant) as surety* in the penal sum of $8,000, wherein they bound themselves unto "the city of Florence, Kansas." The condition of the bond was such that the city of Florence be restrained and enjoined from doing the acts alleged in the petition

until the injunction petition filed in the district court could be heard. If the plaintiffs in the action prevailed in the injunction suit, then the obligation became null and void; otherwise to be and remain in full force and effect.

The city, without waiving its objection that the petition failed to state facts sufficient to constitute a cause of action, answered on the 20th day of February, 1963.

On the 25th day of March, 1963, the trial court heard the matter on the issues joined by the injunction petition and the answer. At the conclusion of the hearing it sustained the city's demurrer to the plaintiffs' evidence, and "the restraining order, together with the injunction, was dissolved." At the hearing it was determined the city of Florence was proceeding with its flood control project under the provisions of G. S. 1961 Supp., 19-3307, rather than the sections of the statute set forth in the plaintiffs' petition, and that the plaintiffs had an adequate remedy at law. (At this point, insofar as the record discloses, the appellants concede the restraining order was wrongfully obtained.)

Thereupon the city filed a motion for the court to fix the costs and damages payable "from plaintiff and surety to defendant arising upon the bond" resulting from the failure of the plaintiffs to prevail in their injunction action. The amounts claimed by the city in the motion were as follows:

"D. M. Ward, Attorney for Defendant; costs, fees and expenses .... $  500.00
"Lawrence Curfman, Attorney for Defendant; costs, fees and
    expenses ........................................ .. ............ $  500.00
"Reiss and Goodness, Engineers for Florence; services and expenses.. $  180.64
"Utilities Service Company, damages for inability to work under
    contract with defendant, inability to use equipment and wages of
    superintendent during shutdown ......................... $4,932.90"

Pursuant to the foregoing motion the trial court proceeded to hear the matter by taking evidence. Counsel for the appellants (including S. C. Ludwig, the surety on the bond) objected to all of the items listed "for the reason that the law requires that there be proof of necessity and reasonableness and either actual payment or promise of payment. Some of the other items we contend first are not proper at all under the situation existing here, and if they are proper, only a small part of them are proper."

The trial court was of the opinion that under the Kansas cases it had authority and jurisdiction "to hear such an item as this in the original case."

At the hearing on the motion the minutes of the Florence city council meeting of April 1, 1963, were received in evidence. They disclosed that each item claimed in the motion was allowed by the city council on the following condition: "to make expense payable from Alder bond posted with court subject to District Court's approval."

Counsel for the appellants objected to any claim being made based on the record of the city.

The foregoing basic objections by counsel for the appellants were made throughout the hearing and overruled by the trial court.

At the conclusion of the evidence the trial court determined the matter in accordance with the following excerpt as it appears in the journal entry (denominated: "Ruling on Demurrer; Finding of Facts; Conclusions of Law; and Decision As a Whole"):

"The demurrer to the defendant's evidence is overruled.

"The Court holds and determines as a matter of law that the bond as furnished by the plaintiffs at the time the original action was filed was good and sufficient as provided by law and obligated the plaintiffs and/or the bondsman to pay any damages that the defendant City may have sustained by reason of the restraining order and/or temporary injunction, provided the defendant City shows that it sustained any, and only then in the amount which is reasonable and proper.

"It is the decision of the Court that the defendant City did not sustain the damages as alleged and in the amount as alleged and it naturally follows that it is not entitled to full recovery thereunder. It is further noted by the Court that the claims as filed against the City, with particular reference to the claim of the Utilities Service Company, is contingent upon the city making recovery against the plaintiffs in the original action. This indicates to some degree at least that in the event the city does not recover under the approval of the Court the amounts claimed that the City is in truth and fact not liable to the Utilities Service Company. Then, too, the Court is of the opinion that the damages as claimed are unwarranted to some degree and excessive to some degree and that the City and the Utilities Service Company did not take sufficient steps to mitigate its damages and this must under the law be an item of consideration. The Court further finds that the item of Reiss and Goodness for engineering is not sustained and should be disallowed in toto.

"With reference to the claims of the attorneys, the Court is of the opinion that the case was not of sufficient magnitude to justify a multiplicity nor duplicity of attorneys and that instead of allowing $500.00 to each attorney that a total attorney fee of $500.00 should be allowed divided equally between D. M. Ward and Lawrence Curfman. With particular reference to the claim of Utilities Service Company, the Court holds that although the evidence was insufficient to sustain the entire claim and that the amount is excessive and that there was not proper mitigation of damages, the City did sustain

some damages and in the opinion of the Court this item is reduced to the sum of $1,000.00.

"It is accordingly the judgment of the Court that the defendant City have and recover judgment against the plaintiffs and their surety in the total sum of $1,500.00 consisting of attorney fees in the sum of $500.00 and damages sustained by and to the Utilities Service Company and the city in the sum of $1,000.00 and the Reiss and Goodness claim being disallowed in toto. Costs to plaintiffs."

Both parties sought a new trial except that the city did not ask for a new trial for the amounts fixed as fees for the city's attorneys. These motions were overruled by the trial court and appeal was duly perfected by the plaintiffs below and S. C. Ludwig, the surety on the bond. No cross appeal having been perfected by the city the claim of Reiss and Goodness, engineers for the city of Florence, in the amount of $180.64, which the trial court disallowed, is not presently before this court on appeal.

Ludwig, through plaintiffs' counsel below, made a general entry of appearance in the trial court upon the hearing of the motion to fix costs and damages under the bond, and the trial court held the bondsman came under the jurisdiction of the court for all purposes in making disposition of the motion. This point is not challenged on appeal.

The terms "restraining order" and "temporary injunction" have been clarified in *Bowman v. Hopper*, 125 Kan. 680, 265 Pac. 743, in the following language:

". . . While a restraining order does not technically operate as a temporary injunction (except for the briefest practical time, to be followed up with a hearing for a temporary injunction), yet by neglect of the party who procured the restraining order to follow it up or by reason of inaction on the part of the court itself, the restraining order may become, in effect, a temporary injunction, which it appears to have done in the case at bar." (p. 682.)

Other cases in which this point has been discussed are *Newbern v. Service Pipe Line and Mining Co.*, 126 Kan. 76, 267 Pac. 29; and *Messmer v. Kansas Wheat Growers Ass'n.*, 129 Kan. 220, 282 Pac. 728.

In the instant case the *ex parte* restraining order issued by the trial court became, in effect, a temporary injunction by reason of the condition imposed in the bond.

It is quite uniformly held that expenses and attorney's fees may be recovered on the dissolution or vacation of a restraining order or temporary injunction when the same was wrongfully obtained.

(*Messmer v. Kansas Wheat Growers Ass'n.,* supra; and cases cited therein.)

Where a restraining order or temporary injunction is wrongfully issued, all expenses incurred therein, which are recoverable on the bond then given, may be recovered whether the determination that the order was wrongfully issued is in the final trial of the case or on a separate hearing pursuant to an application to set aside or vacate the order. (*Messmer v. Kansas Wheat Growers Ass'n.,* supra; and *Harlow v. Mason,* 98 Kan. 353, 157 Pac. 1175.)

The claim for damages filed by the city of Florence in the instant case is asserted for recovery under the bond given herein. The bond is governed by the provisions of G. S. 1949, 60-1110, which read:

"No injunction, unless otherwise provided by special statute, shall operate, until the party obtaining the same shall give an undertaking, executed by one or more sufficient sureties, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure to the *party injured* the damages he may sustain if it be finally decided that the injunction ought not to have been granted." (Emphasis added.)

An injunction bond given under the above statute is intended to cover all damages the party enjoined may sustain by reason of the wrongful procurement of the order, except such as are the result of malice and want of probable cause. (*Baker v. Craig,* 127 Kan. 811, 814, 275 Pac. 216.) Stated in other words, it has been held that no action for the wrongful procurement of a restraining order and/or temporary injunction (other than one upon a bond) is maintainable without a showing of malice. (*Jacobs v. Greening,* 109 Kan. 674, 202 Pac. 72; and *Baker v. Craig,* supra.)

The damages recoverable upon an injunction bond are those sustained between the date the restraining order is issued and the date the restraining order and temporary injunction are finally dissolved. Damages accruing after the dissolution of the restraining order or temporary injunction are not recoverable. (*Newbern v. Service Pipe Line and Mining Co.,* supra.)

Generally all defendants who have been enjoined by an order wrongfully obtained, and have obeyed the injunction, and who in consequence of the allowance of the injunction and their obedience thereto, have suffered loss, can claim and recover damages on a bond given for their protection. On the other hand, one not a party to the suit, or who is not a necessary or proper party, is

not, in general, entitled to damages. Only persons, who are fairly within the covenant of an injunction bond, can sue thereon. (*Kennedy v. Liggett*, 132 Kan. 413, 295 Pac. 675; and 43 C. J. S., Injunctions, § 278, p. 1053.)

In *Underhill v. Spencer*, 25 Kan. 71, the party damaged by reason of an injunction wrongfully obtained was entitled to recover on an injunction bond the reasonable fees and charges of his attorney for services in obtaining a dissolution of the injunction, and the actual payment to the attorney of these fees and charges was not a condition precedent to the recovery, it being sufficient that the liability therefor had become vested and absolute. In the opinion the court said:

". . . In this case the amount was agreed upon and the sum was reasonable. The defendant's liability was absolute, but the fees had not in fact been paid. With perhaps the single exception of California, the authorities agree that if the liability is fixed and absolute, it is enough; payment is not an essential prerequisite. . . ." (p. 73.)

Turning now to the facts in the instant case with the foregoing rules in mind, the Utilities Service Company, for whom the city of Florence claimed to have been damaged in the sum of $4,932.90, filed a motion in this court to dismiss the appeal on the ground that it had not been served with a notice of the appeal as required by the provisions of G. S. 1949, 60-3306.

This motion has no merit because the Utilities Service Company is not an adverse party to the action herein. Insofar as the record discloses, it seeks to assert rights as a third party beneficiary under the bond given by the appellants.

By the terms of the bond Mary A. Alder as principal and S. C. Ludwig as surety bound themselves in the penal sum of $8,000 unto the city of Florence. Under the decisions of this court the statute (60-1110, *supra*) pursuant to which the injunction bond was given, is incorporated in and made a part of the bond. The bond is designed to secure to the *party injured* the damages he might sustain if it finally be decided that the injunction ought not to have been granted. The Utilities Service Company, not being a party to the injunction action and not having been restrained or enjoined by the action of the court, is beyond the protection afforded in the bond to the party injured. On the facts in this case, the city of Florence is the only party protected by the bond. It is the only party entitled to recover the damages which it has sus-

tained by reason of the injunction which ought not to have been granted.

The motion filed by the city to fix the costs and damages payable arising upon the bond resulting from the failure of the appellants to prevail in their injunction action claimed damages on behalf of Utilities Service Company in the sum of $4,932.90. The evidence presented to the trial court on this point at no place disclosed that the city of Florence was liable to the Utilities Service Company for this amount. The conditional allowance of this claim by the city council of Florence did not establish liability on the part of the city to the Utilities Service Company. By this action the city merely sought to shift the claim of Utilities Service Company to the appellants as a liability under the bond. The Utilities Service Company not being a party to the action and not embraced within the condition of the bond is not entitled to recover under the bond.

The record discloses the contract between the city of Florence and the Utilities Service Company carried the following clause:

"In the event of any unavoidable or unforeseen accident, action, or happening, or strike or railroad shipping embargo, the time for the completion of said contract shall be extended beyond the 45 days to the extent of such delay and not be included insofar as applying the agreement for paying liquidated damages is concerned."

This clause had reference to a provision calling for $30 a day liquidated damages payable by the contractor to the city for delay in completion of the contract with the city.

Upon completion of the contract by Utilities Service Company with the city it was paid by the city the contract price of $11,978.40 in full, without any deduction having been made as liquidated damages for delay by reason of the foregoing provision in the contract.

The city has paid the Utilities Service Company nothing upon the $4,932.90 item claimed against the bond. Nowhere in the record is there any indication that the city has acknowledged liability to the Utilities Service Company for its claim or any part thereof. Neither does the record disclose that any action has been filed against the city for such claim, nor that any determination has been made of such claim in a court of law. Whether the Utilities Service Company could establish liability on the part of the city of Florence for the items covered by this claim in an independent action against the city is not a question for determination on this

appeal, and the question was not open for the trial court to make such determination at the hearing on the city's motion to fix damages under the bond.

We must conclude that the lower court erred in allowing $1,000 with reference to the claim of Utilities Service Company, payable under the injunction bond.

Was the allowance of the city's costs, fees and expenses for the city's attorneys in procuring the dissolution of the restraining order and injunction in the sum of $500 proper?

Long ago in *Underhill v. Spencer*, supra, this court in the year 1881 said concerning attorney's fees and charges in an action on an injunction bond:

". . . But the damages which flow from an injunction order are sustained after the suit is commenced and order made. They are not strictly assessable in that action, but only in a subsequent suit. And that suit is simply on the bond for damages. It is an independent action, but an outgrowth of and founded upon the injunction action. . . ." (p. 73.)

This language was quoted and approved as late as 1963 in *City of Wichita v. Krauss*, 190 Kan. 635, 640, 378 P. 2d 75.

Whether the trial court had jurisdiction to assess costs and damages under the bond in the original injunction action, as here, or whether the city's remedy, if any, is limited to a separate and distinct action on the bond, was answered by this court in *Texas Const. Co. v. H. & P. E. Local Union No. 101*, 180 Kan. 393, 304 P. 2d 498. There the lower court assessed the costs and damages in the original injunction action with respect to the allowance of attorney's fees and this court affirmed, saying:

"In the first place, the attempt to recover costs and damages under the bond was not an action for the 'recovery of money' in the strict sense of the word. It arose out of the injunction action, was purely equitable in nature, and under the circumstances plaintiff was not entitled to a trial by jury. The allowance of costs and damages, which included the item of expense incurred by defendant for attorney fees, did not constitute an allowance of 'attorney fees,' as such. The ruling of the lower court was fully warranted under the authority of *Messmer v. Kansas Wheat Growers Ass'n*, 129 Kan. 220, 282 Pac. 728, in which a similar question was considered. See also *Harvey v. Majors*, 129 Kan. 556, 283 Pac. 663, and *Kennedy v. Liggett*, 132 Kan. 413, 417, 295 Pac. 675.

". . . the entire proceeding, from beginning to end, being one purely equitable in nature, the trial court possessed power and authority to make a full and final adjudication of all matters properly before it and was not compelled to leave the matter now under consideration for separate and future litigation. (*Row v. Artz*, 168 Kan. 71, 73, 211 P. 2d 66.)

"In the final analysis, actually only one proposition is presented by this appeal. By the terms of the injunction bond plaintiff and its surety undertook to pay all costs and damages, not exceeding $1,000, incurred by defendant, in the event it should ultimately be determined that the injunction was wrongfully granted. That question was answered in the former appeal. The bond means just what it says, and we know of no reason why defendant should be precluded from recovering, in the manner followed, costs and damages incurred by it in resisting the injunction action." (pp. 395, 396.)

The case of *Texas Const. Co. v. H. & P. E. Local Union No. 101,* supra, was distinguished in *City of Wichita v. Krauss,* supra, at page 640, on the ground that the appellee Krauss in the latter neither alleged nor proved that the temporary injunction was wrongfully issued and the case was dismissed before proceedings on the bond were instituted, while in the former the temporary injunction was wrongfully issued and the proceedings for assessment of damages on the injunction bond were commenced before the case was dismissed.

It is quite uniformly held that expenses and attorney's fees may be recovered on the dissolution or vacation of a restraining order or temporary injunction when the same was wrongfully obtained. (*Messmer v. Kansas Wheat Growers Ass'n.,* supra.)

In *Garden Plain Farmers Elev. Co. v. Kansas Wheat Growers Ass'n.,* 128 Kan. 218, 276 Pac. 799, it was held:

"Costs and expenses paid out and obligations for attorneys' fees incurred in procuring the dissolution of a restraining order may be recovered from the signers of a bond to procure that order where it restrained the persons to whom it was directed from doing what they had a legal right to do." (Syl.)

In all cases heretofore cited in this opinion, and in all cases cited in *City of Wichita v. Krauss,* supra, at page 640, except the case of *Texas Const. Co. v. H. & P. E. Local Union No. 101,* supra, the action brought to recover costs and expenses paid out and obligations for procuring the dissolution of a restraining order or temporary injunction wrongfully obtained was an independent action filed by the party damaged against the principal and the sureties on the injunction bond to recover his damages.

On the authority of *Texas Const. Co. v. H. & P. E. Local Union No. 101,* supra, we hold it was proper for the trial court to assess costs and damages occasioned to the city by a proceeding in the original injunction action—that the trial court had jurisdiction to determine the costs, fees and expenses of the city's attorneys incurred in procuring the dissolution of the restraining order and temporary injunction on the city's motion to fix costs and damages.

On the evidence presented to the trial court the claims of D. M. Ward in the amount of $500 and of Lawrence Curfman in the amount of $750 for costs, fees and expenses of the city's attorneys were conditionally approved by the city council of Florence in the amount of $500 for each.

While the conditional allowance made by the city of Florence of such fees to its counsel did not obligate the city to pay a definite or fixed sum to these attorneys for their services, we nevertheless hold under the *Texas Const. Co.* case these matters, all having arisen out of the injunction action before the trial court, and being purely equitable in nature, authorized the trial court in the exercise of its equitable powers to make a full and final adjudication of all matters properly before it. In this connection it was authorized to make a determination concerning a reasonable allowance to the city for its attorneys.

After hearing the testimony of various attorneys, the trial judge, being a lawyer in his own right and not without knowledge concerning the value of legal services (*Bennett v. Bennett,* 175 Kan. 692, 266 P. 2d 1021), allowed $500 to be divided equally between the attorneys for the city. We cannot say upon the record here presented this was an unjust or an unreasonable allowance. Such allowance was amply supported by the evidence.

The appellants contend the trial court erred "in Assessing Damages and Rendering Judgments Against All Three Plaintiffs and Bondsman and in Favor of Defendant City," where only Mary A. Alder as principal and S. C. Ludwig as surety, signed the bond. John J. Alder and Harry H. Alder, also plaintiffs below, did not sign the bond and were not named as principals in the bond.

Recovery in the instant case is limited to the specific provisions of the bond, the conditions imposed therein, and the provisions of the statute pursuant to which the bond was given. Under rules heretofore stated, the trial court erred in rendering a judgment against all plaintiffs below and the bondsman, without regard to the specific provisions of the bond. The judgment insofar as it seeks to operate against John J. Alder and Harry H. Alder, who were not named as principals in the bond and did not sign the bond, is erroneous.

The judgment of the lower court against Mary A. Alder and S. C. Ludwig in the sum of $500 for attorneys' fees is affirmed, but the judgment of the lower court against John J. Alder and Harry H. Alder, and the judgment for damages sustained by and to the Utilities Service Company in the sum of $1,000 is reversed.